THE KEYSTONE MUTUAL BENEFIT ASSOCIATION *vs.*
CELIA ANN JONES.

*Life Insurance—Misstatement in the Application—Agent—*
*Estoppel.*

Where an applicant for a life insurance, who could neither read
nor write, stated to the agent of the insurance company who
inquired his age, that he did not know it, and could not come
anywhere near it, and the agent said he would take him to be
about forty-three years old, and further, "I will put you in, any-
how, for forty-three years old, and make you younger than
you are," the insurance company is estopped by the act of
its agent from relying on a misstatement in the application of
the insured as to his age, to defeat a recovery on the policy.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER,
ROBINSON, BRYAN, FOWLER, and McSHERRY, J.

*John S. Tyson,* for the appellant.

*D. Meredith Reese,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

John W. Jones insured his life in the Keystone Mu-
tual Benefit Association for the benefit of his wife, Celia
Ann Jones. After his death she recovered a judgment
on the policy for the amount insured. In the applica-
tion for insurance the age of Jones was stated to be forty-
three years. According to the terms of the policy, it
was null and void if any statement in the application

was in any respect untrue. At the trial, evidence was offered that Jones was about sixty years old when he applied for insurance; and the question in the case related to the effect of this evidence on the validity of the policy. Undoubtedly the evidence, if true, would defeat the policy, unless circumstances exist which prevent the insurance company from making this defence.

The evidence tended to show that the insured was a colored man, who could neither read nor write, and that the application for insurance was received by one Foxcraft, an agent of the insurance company, who wrote down the answers to the questions contained in the application. Celia Jones, the plaintiff below, testified that at the time Foxcraft was filling up the application, he asked Jones if he knew his age, and Jones replied that he did not know it, and could not come anywhere near it, and that thereupon Foxcraft said that he would take him to be about forty-three years old, and so entered his age in the application, and that after the application was filled up, it was read to Jones by Foxcraft, and that Jones knew that his age was stated to be forty-three years, and that Foxcraft said that it was all right and that he would have no trouble at all. Mary Dashields, the daughter of Jones and the plaintiff, corroborates this testimony, and further states that Foxcraft said "I will put you in, anyhow, for forty-three years old, and make you younger than you are." The testimony of these two witnesses was contradicted by the evidence given in behalf of the insurance company; but if it is true (and the jury were alone competent to judge of its truth) it shows that the answer in reference to the age of the insured was virtually made by Foxcraft, and not by Jones. It would be a fraud to induce an ignorant man to assent to an answer in the manner stated, and then use it to his disadvantage. If the answer were obtained in this way, it would derive no particular efficacy from the circum-

stance that it was reduced to writing, for fraud will vacate proceedings which are invested with the most solemn forms. The just way to deal with a result obtained by fraud is to annul it, and hold it for naught; to consider it as if it had never existed. To be sure, sometimes the rights of innocent parties intervene, and the relief against fraud given by the Courts must be so moulded as to protect them as far as possible; but favor is never shown to the party guilty of the fraud. Foxcraft in filling up the application was acting within the scope of his agency, and his principal must be held responsible for his acts. We think that the testimony which we have quoted was clearly competent, and that if believed by the jury, the answer in reference to the age could have no effect against the plaintiff. We are fortified in the conclusion which we have reached by the decision in *Insurance Company vs. Wilkinson*, 13 *Wallace*, 222, where the Supreme Court held that an insurance company was estopped from using an answer obtained by its agent under circumstances very similar to those stated in the evidence in this case. This decision has been adopted in the case of *Maryland Fire Ins. Co. vs. Gusdorf*, 43 *Md.*, 506, and has been confirmed by the Supreme Court in *Insurance Company vs. Mahone*, 21 *Wallace*, 152, and in *New Jersey Mut. Life Ins. Co. vs. Baker*, 94 *U. S.*, 610.

The Court of Common Pleas instructed the jury in accordance with the views which we have expressed, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 19th June, 1890.)