## Meyers *v.* Lebanon Mutual Insurance Co., Appellant.

*Fire insurance—Misstatements in application.—Responsive answer.*

Where an answer in an application for fire insurance is not responsive to the question propounded, and a responsive answer is deemed important for the information of the company in order to enable its officers to determine whether to accept or refuse the application, the application should be returned to the applicant, in order that the needed answer be given.

A question in an application for insurance was: "What proportion of the value of the property will remain uninsured after this policy is issued?" The answer written into the application by the soliciting agent of the company, and signed by the applicant, was: "The building alone cost $13,000." The evidence showed that the house was worth, at the time the fire destroyed it, not more than $6,000. There was a stipulation in the application that the answers should be warranties of the truth of the facts stated in them. *Held*, that, in the absence of evidence that the original cost of the house was not as stated, the jury could not find that there was falsehood in the answer, or that the warranty of its truth was broken.

*Stipulation as to agency.*

An insurance company cannot escape the consequences of the fraud or mistake of its agent in the negotiations preceding the granting of a policy, by inserting in the policy a stipulation that such agent shall be deemed the agent of the insured, without putting the insured on his guard in advance of the negotiations.

*Mistake of agent in not writing full answer of applicant—Evidence.*

Where an agent of a fire insurance company in filling out an application omits a material portion of an answer of the applicant who signs the paper without reading it over, the applicant may, in a suit upon the policy, show what his real answer was.

A question in an application for fire insurance was: "What proportion of the value of the property will remain uninsured after this policy is issued?" The answer written into the application by the soliciting agent of the company and signed by the applicant was "The building alone cost $13,000." The applicant testified that his real answer was: "I have been informed by different parties that the house cost about $13,000, and I think it is now worth about $7,000." *Held*, that the applicant could show what his real answer was.

Argued May 23, 1893. Appeal, No. 405, Jan. T., 1893, by defendant, from judgment of C. P. Northumberland Co., May T., 1892, No. 100, on verdict for plaintiff, David C. Meyers. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON JJ.

Assumpsit on policy of fire insurance.

At the trial before SAVIDGE, P. J., it appeared that, on Sept. 5, 1891, plaintiff signed an application for fire insurance in defendant company. The application contained the following warranty: " The said applicant makes the following statement and gives the following answers to interrogatories here put relative to the risk as a warranty on the part of the assured for which a policy numbered the same as the application is issued;" and also "but if any untrue answers be given to the foregoing interrogatories whereby the said company has been deceived as to the character of the risk, then said policy of insurance to be void and of no effect. And the insured hereby covenants and engages that the representations given in this application for this insurance are a warranty on the part of the assured and contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property insured."

Question 13 in the application was: " What proportion of the value of this property will remain uninsured after this policy is issued?" The answer written into the application by the agent of the company was: " The building alone cost $13,000."

Plaintiff's counsel proposed to show " that the answer made to question 13 was not the full answer given by plaintiff at the time of the taking of the application, and that he had no knowledge of any objection on that account until the affidavit of defence in this case was read to him: This for the purpose of showing that the answer to question 13 was not taken down as given by him of which he had no knowledge, not even seen the application, or read it, as his attention was not called to it until the affidavit of defence filed in this case was read to him in my office."

Objected to by Mr. Hackenberg. The assured in the application, and in the policy as well, having warranted that no statement, representation, description, survey or plan contained in the application or connected with for procuring the insurance was true and should be considered as part of the policy, and he had made known all the facts in this application, having stated that he had made known all the facts in that application, material to the risk, it is objected to as incompetent for the purposes offered and immaterial: That there is no purpose or

proposition on the part of the plaintiff to show any fraud on the part of the agent. It is not an attempt to show that what is contained in this application was not written down by the agent upon information received from the assured.

By the Court : Under the authority of Kister v. Insurance Co., 128 Pa. 553, objections overruled, evidence admitted and exceptions.

" Q. When Mr. Follmer asked you the question as to the value, state what answer you made to him ?   A. I told Mr. Follmer in the first place that the house had cost in the neighborhood of about $13,000; that I had been informed by different parties, and he said, what do you think it is worth now, and I said I thought it was worth $7,000."

The court charged in part as follows :

. " [As appears by the written application for the insurance, the plaintiff, in answer to question 13, ' what proportion of the value of this property will remain uninsured after this policy is issued ? ' responded thus : ' The building alone cost $13,000.' The defendant contends that this answer is evasive, untrue, not responsive and not such an answer as the question called for. The plaintiff contends, and so swears, that the answer written down by the agent soliciting insurance was not the whole answer, that his answer was that the building alone cost $13,000, as he had been informed, and that he believes it to be worth, or that it was worth, $7,000.   You will recollect just how that testimony was.

." Now, gentlemen, it has been held that the agent of the company taking application, propounding and writing down the answers, is acting for the company, and not for the person insured, and that this kind of evidence in contradiction of the application or explanation may be introduced by the plaintiff. The defendant contends, and has introduced evidence to show that this answer is the full and correct response as given by the plaintiff when questioned on the subject of the value of the building by the soliciting agent.   How that is I will leave for your determination.   Should you find that the written answer contains the whole of the response, and that the intention of the plaintiff was to value that building at $13,000 for the purpose of deceiving and defrauding this company, then of course your verdict ought to be for the defendant.   Should you find,

however, that the additional answer was given by the plaintiff as he claims, and not written down, and that his representation then was that the value of the building was $7,000, then you will proceed to determine whether or not that was the value of the building.] " [2]

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting bill of exception and evidence ; (2) instruction, quoting it.

*Thos. H. Capp, George B. Schock, J. P. S. Gobin* and *W. H. Hackenberg* with him, for appellants, cited : Phillips v. Meily, 106 Pa. 536 ; Juniata B. Ass'n v. Hetzel, 103 Pa. 507 ; Sylvius v. Kosek, 117 Pa. 67 ; Spencer v. Colt, 89 Pa. 314 ; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35 ; Caley v. Hoopes, 86 Pa. 493 ; Conrow v. Conrow, 1 Mona. 140 ; Kister v. Ins. Co., 128 Pa. 553 ; Eilenberger v. Ins. Co., 89 Pa. 464.

*C. G. Voris,* for appellee, cited : Smith v. Ins. Co., 89 Pa. 287 ; Eilenberger v. Ins. Co., 89 Pa. 464 ; Ins. Co. v. Cusick; 109 Pa. 157 ; Kister v. Lebanon Mut. Ins. Co., 128 Pa. 553; Armenia Ins. Co. v. Paul, 91 Pa. 520.

OPINION BY MR. JUSTICE WILLIAMS, July 19, 1893 :

The plaintiff sues on a policy of insurance against loss by fire.   The defence set up is, in substance, that the policy was obtained by means of misrepresentations and is for that reason not binding on the company.   The misrepresentation is alleged to be in the answer to question No. 13 in the application on which the policy was issued.   The question is " what proportion of the value of the property will remain uninsured after this policy is issued ? "   The answer written into the application by the soliciting agent of the company and signed by the applicant is : " The building alone cost $13,000."   There was a stipulation in the application that the answers should be warranties of the truth of the facts stated in them.   The proofs show that the house was worth at the time of the fire not more than six thousand dollars ; and the company asserts that the answer to No. 13 amounted to a fraudulent overestimate of the value of the building at the time the insurance was applied for.   To this

the plaintiff replies that the answer complained of did not relate to the value of the house at the time it was insured, or at any time; but to its cost at the time of its erection. And that in so far as it may be thought to be evasive or misleading this effect is due to the omission by the agent of the company of part of the answer orally made to the question when it was read to him by the agent at the time the insurance was applied for. He further alleges that the omission was not known to him at the time he signed the application, and did not come to his notice until after the loss occurred. The answer as he says it was made was, "I have been informed by different parties that the house cost about $13,000, and I think it is now worth about $7,000."

The first question is over the effect of the written answer upon the plaintiff's right to recover. It is evident that it is not responsive. If a responsive answer was deemed important for the information of the company in order to enable its officers to determine whether to accept or refuse the application, it should have been returned in order that the needed answer might be given. It was not returned; but the risk was accepted upon the answer appearing in the application. What does the appellant assert in this answer? That the cost of the building was $13,000. This does not mean that he paid that sum for it, but that the cost to the builder who caused its erection was $13,000. The truth of this statement is warranted by the stipulation in the application. If the original cost of the house was as stated, there is no falsehood in the answer, and the warranty of its truth is not broken. We find no evidence in this case, as presented to us, that the house cost less than the answer asserts; and as the onus of proof to show its falsehood is on him who asserts it, the answer must stand until its untruth is shown. If the cost of the house is truly stated, the company has nothing of which to complain; for, waiving its right to a responsive answer to its question, it issued its policy on the answer appearing in the application, and it can only ask that the answer it accepted be true. As this is not seriously questioned, we see no reason why the plaintiff was not entitled to recover upon the case as it stood before his offer was made to show the answer actually given by him to the agent of the company.

The remaining question, whether the offer was admissible, is therefore not necessary to the decision of the case.  As the question is however fairly raised on the record it is enough to say that it is ruled by Eilenberger v. The Protective Mutual Insurance Company, 89 Pa. 464.  The insured did not become a member of the company until the policy was actually issued. In the negotiations preceding, and resulting in the policy, the company is represented by the soliciting agent, and as said in the case just cited, the company cannot escape the consequences of the fraud or mistake of its agent, by inserting in its policy a stipulation that " such agent shall be deemed the agent of the insured," without putting the insured on his guard in advance of the negotiations.

Whether any notice, though given in advance, can relieve a party from the consequences of his own or his agent's fraud or mistake, by which a contract was secured that would not otherwise have been made, is more than doubtful, but need not now be determined.  The question thus presented is not whether the terms of a written contract may be varied by oral testimony, but whether an omitted statement may be supplied when the paper from which it was supplied was prepared by the other party to the contract and signed by the person to be affected without reading the paper or having heard it read.  Such conduct may show great confidence in the person with whom one is dealing, or want of care on his own part in informing himself of the exact character of the paper signed, but as against the party by whom the fraud or mistake was committed, it does not estop the too careless or too trustful party from alleging the truth.  Under the view we have taken of this case it was not necessary to enter upon this line of proof, but it was not error to do so.

The judgment is affirmed.