# Carrozza *v.* National Life Insurance Company, Appellant.

*Insurance—Life insurance — Application — Misstatements — Illiterate applicant — Misconduct of agent — Evidence — Return of premiums.*

Where an application for a policy of life insurance is declared to be a warranty of the truth of the facts therein stated, the insured, if the application is filled out by an agent of the company, is not precluded, in an action on the policy, from showing by testimony that, either through the fraud or mistake of the agent his answers were not truly recorded; and the company may not protect itself by reason of such fraud or mistake on the part of its own agent; and this is particularly the case where the applicant was an illiterate foreigner unable to read English to whom the application was not read; and it is immaterial that the application provided "that the company is not bound by any knowledge of or statement made by or to any agent unless written hereon."

In such a case, the plaintiff is not precluded from offering such testimony by the fact that the company had sent him a check for the amount of the premiums paid, if it appears that plaintiff did not use the check, until after the company, in its affidavit of defense, had tendered a judgment for that amount as due and owing by it.

Argued May 10, 1915.  Appeal, No. 154, April T., 1915, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1913, No. 13, on verdict for plaintiff in case of Carmine Carrozza v. National Life Insurance Company of the United States of America.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit on a policy of life insurance.  Before WILLIAM E. PORTER, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[So you will see it becomes a material question in this

154 CARROZZA v. NATIONAL L. INS. CO., Appellant.

Charge of Court below—Assignment of Errors. [62 Pa. Superior Ct.

case as to whether or not Mr. Switzer caused false answers to appear upon the application for insurance and whether or not the plaintiff here made truthful answers to the questions that were asked him. If he made truthful answers and they were either negligently, mistakenly or fraudulently written by the agent on the paper differently, then the company would not be able to escape responsibility or liability on that account, for the reason that it is the company's agent that is responsible for the false answers in the paper. But the jury must be clearly satisfied that the answers were written down falsely by the agent. You have the application made by the plaintiff and signed by him and the jury should not conclude, without due reflection and without being clearly satisfied that the plaintiff made truthful answers and that the agent either fraudulently, negligently or mistakenly wrote down improper answers to the questions. If you find that he did, and that the plaintiff made truthful answers, then the plaintiff would be entitled to recover.] (2)

Counsel for the plaintiff requests us to instruct you:

1. The fraud or mistake of the insurance agent within the scope of his authority will not enable his principal to avoid a contract of insurance to the injury of the insured who acted in good faith; and the fraud or mistake of the agent may be proved by parol evidence, notwithstanding it is provided in the policy that the description of the property shall be a part of the contract and the warranty of the insured.

Ans. Affirmed. (3)

Verdict and judgment for plaintiff for $102.06. Defendant appealed.

*Errors assigned* were (2, 3) above instructions quoting them.

J. *Norman Martin*, with him *Norman A. Martin*, for appellant.—The insured having accepted the policy and

renewed it four times with a copy of the application in which the false answers as to prior disability and medical attention plainly appeared will not now be heard to say that incorrect answers were inserted by the agent: Stewart v. General Accident Ins. Co., 35 Pa. Superior Ct. 120; Lynch v. Travelers Ins. Co., 200 Fed. 193; Wyss-Thalman v. Md. Casualty Co., 193 Fed. 55; Gaines v. Fidelity & Casualty Co., 87 N. Y. Supp. 821; Colaneri v. General Accident Ins. Co., 110 N. Y. Supp. 678; Leuten Brick Co. v. Killen, 235 Pa. 144; Rinker v. Ætna Life Ins. Co., 214 Pa. 608; Bostwick v. Mutual Life Ins. Co., 116 Wis. 392; Forwood v. Prudential Ins. Co., 83 Atl. 169; Bonewell v. North American Acc. Ins. Co., 167 Mich. 274; Reynolds v. Atlas Accident Ins. Co., 71 N. W. 831; Bostwick v. Mutual Life Ins. Co., 116 Wis. 392; Madsen v. Md. Casualty Co., 142 Pac. 51.

The insured is bound by his agreement that the company shall not be bound by any knowledge of or statements made by or to any agents unless written in the application: Rinker v. Ætna Life Ins. Co., 214 Pa. 608; Suravitz v. Prudential Ins. Co., 224 Pa. 582; Scientific American, Etc., Dept. v. Creighton, 32 Pa. Superior Ct. 140; Ætna Life Ins. Co. v. Moore, 231 U. S. 356.

The insured having accepted the return of all the premiums with the understanding that they were tendered on the ground that the policy had been rendered void, is thereby estopped to claim that the policy is valid: Austin v. Mutual Reserve Fund Life Assn., 132 Fed. 555; In re Millers and Mfgs. Ins. Co., 106 N. W. 485; Ashton's App., 73 Pa. 153; Robinson v. Hay, 91 Pa. 242.

*Jas. A. Chambers,* of *Akens, Wilkinson, Lockhart & Chambers,* for appellee.—Where an applicant for insurance has acted in good faith and misstatements have resulted from the negligence or bad conduct of the agent of the company, the company cannot take advantage of its agent's wrong and thereby escape liability on its

policy: Mullen v. Union Central Life Ins. Co., 182 Pa. 150; Dowling v. Merchants' Ins. Co., 168 Pa. 234; Landes v. Safety Mutual Fire Ins. Co., 190 Pa. 536; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157; Eilenberger v. Protective Mut. Fire Ins. Co., 89 Pa. 464; Smith v. Farmers' & Mechanics' Mut. Fire Ins. Co., 89 Pa. 287; Stewart v. General Accident Ins. Co., 39 Pa. Superior Ct. 396; Suravitz v. Prudential Ins. Co., 244 Pa. 582.

The payment of part of a debt due without a release under seal will not discharge the debt: Girard Fire, Etc., Insurance Company v. Canan, 195 Pa. 589; Evesson v. Ziegfeld, 22 Pa. Superior Ct. 79; Krauser v. McCurdy, 174 Pa. 174; Collins v. Busch, 191 Pa. 549; McCauley v. Cremerieux, 132 Pa. 22;

OPINION BY HEAD, J., March 1, 1916:

The plaintiff is an Italian, illiterate in the English language and unable to read in that tongue. His testimony was delivered through an interpreter. The verdict establishes that an agent of the defendant company, one Switzer, solicited him to take out an insurance policy in his company. The agent produced the requisite blank application and asked the plaintiff such questions as he deemed necessary and himself wrote down what purported to be the answers of the plaintiff to the questions propounded. The plaintiff was, as stated, unable to read the application as it was filled up. The agent did not read it to him, but at the request of the latter, the plaintiff signed it in good faith, believing that it truly exhibited the real state of facts. The agent forwarded the application to the company and in due time the plaintiff received his policy. After having regularly paid his monthly premium for several months, he fell sick and for a period of time was disabled as a result of that sickness. By reason of this disability the defendant became liable to pay him a stipulated sum, if any liability at all accrued to it under the circumstances.

After the disability arose, the defendant company became satisfied that some of the statements contained in the application, which by its terms was a warranty of the truth of the facts therein stated, were untrue. It then undertook to return the premiums paid by the plaintiff and mailed him a check for the amount of them. The plaintiff brought this action to recover the indemnity to which he claimed to be entitled by the terms of his policy. In its affidavit of defense the company set up that it had tendered a check for the return of the premiums, and then and there offered to confess a judgment for the amount of that check. It further defended on the ground that the plaintiff had warranted the truth of every statement of fact in his application, that there had been a breach of such warranty, and that as a consequence the defendant was relieved of any liability. In answer to the defense thus set up, the plaintiff was permitted to prove on the trial, by his own testimony and that of others, that he had truly answered every question propounded to him by the defendant's agent, and that if, as a matter of fact, the application did not disclose the real facts in the case, that result was chargeable either to the fraud or mistake of the defendant's agent. The learned trial judge submitted these questions to the jury in a charge that was free from error, if there was any question to be submitted, and a verdict for the plaintiff followed.

It may be conceded that in the construction of some of the covenants affecting the rights of the parties in insurance contracts, the decisions of the Supreme Court of Pennsylvania are not entirely in harmony with those in some of the other jurisdictions. But we think it clear, under our own decisions, it has become the well-settled law that where an application for a policy of insurance is declared to be a warranty of the truth of the facts therein stated, if it be filled out by an agent of the company, the plaintiff is not precluded from showing by testimony that, either through the fraud or mistake of

the agent, his answers were not truly recorded, and the company in such cases may not protect itself by reason of such fraud or mistake on the part of its own agent. Eilenberger v. Protective Fire Insurance Co., 89 Pa. 464; Susquehanna Fire Insurance Co. v. Cusick, 109 Pa. 157; Kister v. Insurance Co., 128 Pa. 553; Meyers v. Lebanon Mut. Insurance Co., 156 Pa. 420; Dowling v. Merchants' Insurance Co., 168 Pa. 234.

In each of these cases the policy issued on the strength of a written application or description of the buildings to be insured and their uses, in which the assured expressly warranted the truth of every statement in his application or description. In each the paper containing the warranty had been actually filled up by an agent of the company. In each the company defending was able to establish by admission or proof a breach of the warranty. In each the assured was permitted to prove that he had in fact answered truthfully all questions propounded to him by the agent, so that if the application or description did not exhibit the facts, that result was to be charged to "the fraud or mistake of a knavish or blundering agent," and not to the assured who had relied on the honesty and capacity of the agent and signed in perfect good faith.

In the very late case of Survitz v. Prudential Insurance Co., 244 Pa. 582, Mr. Justice ELKIN, in an elaborate opinion reviews the whole question. Although in that particular case he was dealing with a material misrepresentation and not a warranty, he goes over the entire subject. After citing many of the cases to which we have referred and some others, he thus states the conclusion to be drawn from the decisions: "In some of the cases cited the covenant was that of warranty, but even in those cases this court held that where the agent of an insurance company omits a material portion of an answer of the applicant, or incorrectly writes down the answer as made, either intentionally or negligently, in a suit upon the policy the applicant may show by parol what the real

answer was, if the application was signed in good faith without having been read, or if the applicant signed without knowledge of the fact that the answer had been incorrectly written down by the agent."

Here then is a long and unbroken line of cases which very clearly establish that in Pennsylvania a plaintiff, under the circumstances attending the signing of the application in this case, may, notwithstanding the warranty, or any provision on the subject in the policy, prove by parol that he answered truly, and that in such respects as the application may fail to correctly state the facts, the consequences are to be charged to the fraud or the blunder of the agent, and the company may not escape liability by reason of the alleged breach of warranty.

It might have been supposed this doctrine was so well settled it would hardly be necessary to produce in detail this line of authority, and we should not have attempted it had it not been for the case of Rinker v. Ætna Life Insurance Co., 214 Pa. 608. There again there was an application which was made a warranty. The company established a breach of the warranty and rested its defense thereon. When the plaintiff, in rebuttal, undertook to show the truth of the matter, her offer of testimony was met with the objection that her statement contained no averment of any fraud, accident or mistake in the application that had been signed, and therefore proof of such facts was inadmissible under the pleadings. The learned trial court rejected the evidence in rebuttal and a verdict for the defendant followed. It is clear from an examination of the report of that case the judgment of the Supreme Court primarily rested on the proposition that in the state of the pleadings there was no error in rejecting the offered evidence. That question does not arise in the case before us because the amended statement of claim distinctly avers the fraud or mistake of the agent in preparing the application. Whilst it is true the judgment of the court can be easily sustained

on the ground stated, it cannot be denied that Mr. Justice POTTER .puts considerable stress upon another feature of the case which to some extent is present in the case before us.   He refers to the fact that in the application there was notice to the assured that the powers of the agent were limited in that the application "contained an explicit agreement that no statement or declaration made to any agent, examiner or any other person, and not contained in the application, should be considered as having been made to, or brought to the notice of the company, or as charging it with any liability by reason thereof." He further states that in this respect the case then under consideration is fairly distinguishable from Insurance Company v. Cusick and Kister v. Insurance Company, two of the cases we have previously cited. The opinion then goes on to declare that if the agent undertook to do that of which the proposed testimony would convict him, he would be attempting a fraud upon his company and that he would not be alone in such fraud because, by signing the application, the plaintiff became a party to it.   In the case before us the application contains this statement: "That the company is not bound by any knowledge of or statement made by or to any agent unless written hereon."   As we have seen, the plaintiff was unable to read.   The application was not read to him by the agent but was signed in good faith, relying on the honesty of the agent in preparing it. There was of course no actual notice to the plaintiff of its printed provisions.   Now we have already seen that under the long line of cases referred to, although the application stated in perfectly clear terms, that the truth of what it contained was warranted by the assured, such statement did not preclude him from proving the real facts.   Was it the intention of the Supreme Court to hold to the line of cases so declaring the law but at the same time to announce that the applicant would be conclusively bound by another statement in the printed form setting forth that the powers of the agent are limited?

We have already seen too that stipulations in the policy, which had for their object primarily the same thing, did not conclude the plaintiff and prevent him showing the facts. We might not feel at liberty to make even these suggestions were it not that the opinion of Mr. Justice ELKIN, reviewing and analyzing the case of Rinker v. The Insurance Company, gives no hint of any intention on the part of the court to reverse the long line of cases we have quoted from or depart from the well-established policy that, under circumstances like those here existing, the applicant is not to be concluded by the most material statement in the application, viz: that he thereby warrants the truth of its contents. Moreover, in the case then under consideration, there was an expressed limitation of the power of the agent. In speaking of it Mr. Justice ELKIN says: "The covenant that the agent could not bind the company by 'making or receiving any representation or information' falls far short of protecting the principal from the negligence or fraud of the agent in preparing the application. The contention here is that the agent either negligently or intentionally wrote down the answers incorrectly, not that he had received any false representation or information to induce the insurance. In several of the cases hereinbefore cited it was expressly held that the negligence or fraud of the agent could be inquired into in a suit upon the policy, and we can see no reason why this rule should not apply to the present case." This language, we think exactly covers the case before us.

Whilst we are obliged to admit that the language of the opinion in Rinker v. The Insurance Company, supra, gives us pause, and is calculated to create some doubt as to the exact status of the law on this question, we feel warranted—after a careful examination of the later case of Suravitz v. The Insurance Company, and in the light of the long established policy of our courts dealing with this question—in holding that the learned judge below was right in receiving the evidence of the plaintiff and in

submitting to the jury the determination of the questions whether or not the plaintiff truthfully answered and signed his application in good faith, relying on the honesty of the company's agent who had prepared it. The several assignments of error on this branch of the case are overruled.

But one other matter requires our attention. After the plaintiff's disability had occurred and the consequent liability of the defendant had arisen, the company sent the plaintiff a check returning the premiums he had paid. The plaintiff did not use this check until after the company, in its affidavit of defense, had tendered a judgment for that amount as due and owing by it. Under advice of counsel the plaintiff then accepted and cashed the check as a payment on account. We are unable to perceive how this in any way prejudiced the defendant or how it could preclude the plaintiff from prosecuting his action. There was nothing on the face of the check to indicate that it must be accepted in full satisfaction of what the plaintiff claimed, if accepted at all. The learned judge therefore was right in holding that it interposed no barrier in the way of the plaintiff proceeding for the balance of his claim. It is also true that the docket entries disclose no formal refusal of the defendant's motion for judgment n. o. v. Undoubtedly the better practice would require that such motion be formally acted on so that the aggrieved party by an exception might bring the whole of the evidence, &c., upon the record. But the assignment of error raising this question is not pressed by counsel, as no practical good could come from sending the case back merely upon that ground. For all practical purposes the refusal of a new trial and the entry of a judgment on the verdict may be considered tantamount to a refusal of the motion for judgment n. o. v.

Judgment affirmed.