## Fidelity Title & Trust Co. *v.* Metropolitan Life Ins. Co., Appellant.

*Insurance—Life insurance—Occupation—Answers not recorded by agent—Warranty—Evidence.*

Where an application for a policy of insurance is declared to be a warranty of the truth of the facts therein stated, if it be filled out by an agent of the company, the plaintiff is not precluded from showing by testimony that, either through the fraud or mistake of the agent, his answers were not truly recorded, and the company in such cases may not protect itself by reason of such fraud or mistake on the part of its own agent. The testimony in such a case need not be of the same quantity as that required to reform a written instrument. It should consist of what was said or done at the time the application was made.

Argued May 2, 1916. Appeal, No. 150, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 1271, on verdict for plaintiff, in case of Fidelity Title & Trust Company, Administrator of Owen Hines, deceased, v. Metropolitan Life Insurance Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before CARNAHAN, J.

362 FID. T. & T. CO. *v.* METROPOLITAN L. INS. CO., Appel.

Statement of Facts—Charge of Court below. [64 Pa. Superior Ct.

At the trial the defendant claimed that the insured misstated in the application certain facts as to the last time that he had had medical services. The plaintiffs admitted that the application did not correctly present all the facts, but the widow and two other witnesses testified that the correct facts had been stated to the medical examiner who had neglected to write them into the application.

The court charged in part as follows:

[If that be true, then the medical examiner did what he ought not have done, and, as he put it himself, it would not be a proper paper because something would be placed in it after it had been signed by both parties. The plaintiff says that is exactly the way it was done. There, gentlemen, is a question of credibility. If that is the way it was done; if Mr. Hines did give the information which these three witnesses say he did give, and it did not appear in the answers given in the written application, then that is not Mr. Hines' fault. The answers should have appeared there as they were given by Mr. Hines; therefore, that is a question for you: Was this information given to the medical examiner at the time, or was it not? Then, incidentally: Were those answers written at the time they were given in the house, or were they not?] (1)

[We have this written paper, and we have the answers there. I would not hesitate to say to you, if it were clear, if it were undisputed, that all of these answers were written right at that very time on the occasion of that visit, in the presence of Mr. Hines and these witnesses, that any attempt to overcome those answers must be accompanied by the clearest, most precise and most indubitable evidence. We have, however, a disputed fact in reference to the writing of all these answers to the questions at that time. Notwithstanding that, in order to sustain the position taken by the plaintiff that a mistake was made when writing out these answers, that the right answers were not given, it is necessary that you find

the witnesses who have so testified are credible witnesses; that they distinctly remember the facts to which they testified; that they narrate the details exactly, and that their statements are true. The burden is upon the plaintiff to satisfy you, by the weight of the evidence, and by evidence such as I have just referred to, in order to entitle it to recovery.]   (2)

Verdict and judgment for plaintiff for $1,175.02. Defendant appealed.

*Errors assigned* were (1, 2) above instructions quoting them.

*W. K. Jennings,* with him *D. C. Jennings,* for appellant, cited U. B. Mut. Aid Society v. O'Hara, 120 Pa. 256; March v. Ins. Co., 186 Pa. 629; Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332.

*William A. Jordan,* with him *Thomas D. Chantler, William H. McClung, Park J. Alexander* and *S. A. McClung, Jr.,* for appellee, cited: Zimmer v. Central Accident Ins. Co., 207 Pa. 473; Shannon v. McHenry, 219 Pa. 267; Mullen v. Union Central Life Ins. Co., 7 Kulp 422; Dowling v. Merchants Ins. Co., 168 Pa. 234; Suravitz v. Prudential Ins. Co., 244 Pa. 582; Rigby v. Metropolitan Life Ins. Co., 248 Pa. 351; Rinker v. Ætna Life Ins. Co., 214 Pa. 608; Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332.

OPINION BY KEPHART, J., July 18, 1916:

This is an action to recover on a policy of insurance. Appellant defends on the ground of false answers to the interrogatories in the "statements made to the medical examiner," and further contends that the evidence tending to show that the answers to the interrogatories were not written down as given to the agent was not sufficient to overcome the effect of the false answers. The controversy arose in connection with the answer to the ques-

tion as to the last time that medical services had been required. In the statement it was given as "three years ago" and for a "cold," when as a matter of fact it was about nine months before the application was made and consisted in a slight operation for piles. The plaintiff admitted that the application did not correctly present all the facts, and the widow, with her daughter and niece, testified that the medical examiner, who made up the report, was fully informed of this operation and the time it took place, and that he neglected to write it in the report. He gave as his reason that he was in a hurry to get back to his office and would fix it up there. When the application was made, the insured had only twenty minutes to get back to his work, which was that of a railroad freight conductor. The family history was apparently taken down correctly, but the answers to the questions in the medical examiner's statement were hurriedly gone through with and according to the plaintiff's statement were not written down at that time. The policy contained the clause that the statements in the application and the answers to the medical examiner "are correct and wholly true, and that they shall form the basis of the contract of insurance if one be issued." If this were viewed as a warranty, under the Act of June 23, 1885, the misstatement must be material to the risk. It was assumed during the case that the portion omitted was material and the question presented was whether the company was bound by the act of the agent in not correctly filling in the report as given by the insured. It has been definitely decided that "where an application for a policy of insurance is declared to be a warranty of the truth of the facts therein stated, if it be filled out by an agent of the company, the plaintiff is not precluded from showing by testimony that, either through the fraud or mistake of the agent, his answers were not truly recorded, and the company in such cases may not protect itself by reason of such fraud or mistake on the part of its own agent: Eilenberger v. Protective Mut. Fire Insur-

ance Co., 89 Pa. 464; Susquehanna Mut. Fire Insurance
Co. v. Cusick, 109 Pa. 157; Kister v. Lebanon Mut. In-
surance Co., 128 Pa. 553; Meyers v. Lebanon Mut. In-
surance Co., 156 Pa. 420; Dowling v. Merchants' Insur-
ance Co., 168 Pa. 234; Carrozza v. National L. Ins. Co.,
62 Pa. Superior Ct. 153. In this latter case Judge HEAD
has reviewed the different authorities on the subject and
we think the proposition of law is now well settled. See
Suravitz v. Prudential Insurance Co., 244 Pa. 582. The
testimony necessary to prove these facts need not be of
the same quantity as that required to reform a written in-
strument. It should consist of what was said and done at
the time the application was made. "The question thus
presented is not whether the terms of a written contract
may be varied by oral testimony, but whether an omitted
statement may be supplied when the paper from which it
was supplied was prepared by the other party to the con-
tract and signed by the person to be affected without read-
ing the paper or having heard it read. Such conduct may
show great confidence in the person with whom one is
dealing, or want of care on his own part in informing
himself of the exact character of the paper signed, but as
against the party by whom the fraud or mistake was
committed, it does not estop the too careless or too trust-
ful party from alleging the truth": Meyers v. Lebanon
Mut. Ins. Co., 156 Pa. 420. Where writings are incom-
plete by reason of some omission, it is not necessary to
allege or prove that the missing parts were omitted
through fraud, accident or mistake, or that they form the
inducement to the contract: Holt v. Pie, 120 Pa. 425;
Nye v. Pittsburgh Co., 2 Pa. Superior Ct. 384. Nor does
the rule apply which requires the testimony of two wit-
nesses or their equivalent to vary the terms of a writing
apply; in this case the object is merely to show matters
not covered by the writing: Real Estate Title, Etc., Co.'s
App., 125 Pa. 549. This is the law, viewing this ques-
tion in its general aspect and as presented by the facts
of this case. There may be cases where a higher degree

of proof would be necessary or where the party asserting the claim would be estopped by reason of his own acts, as where he stands by and sees the answers incorrectly put down.    But, as we view this case, and under the facts as presented, the judge was correct in charging the jury in the manner that he did.

The assignments of error are overruled and the judgment is affirmed.