## Soroko v. Woodmen of the World, Appellant.

*Insurance — Fraternal beneficial associations — Application — Error of clerk—Misstatement of occupation—Advanced premium rates.*

Where the only defense to an action upon the beneficial certificate of an incorporated fraternal beneficial association was that plaintiff's decedent, in his application for membership, had misrepresented his occupation, it was not error to admit evidence that the applicant could not read or write English, and had truthfully stated his occupation, but that the agent of the association had not properly filled the blanks of the application.

A beneficial association that does not attach a copy of the application to the beneficiary certificate cannot charge the member with notice of an error therein made by its own agent under such circumstances.

Although the occupation of the insured was incorrectly stated in the application, through no fault of his and without his knowledge, as being one classed as less hazardous than that in which he was actually employed, judgment n. o. v. was properly refused where the jury had been instructed as to the allowances to be made on account of the advanced premium rates which would have obtained had the correct occupation been stated.

Argued March 8, 1921. Appeal, No. 27, March T., 1921, by defendant, from judgment of C. P. Lackawanna County, June T., 1917, No. 50, on verdict for plaintiff in the case of Martha Soroko v. The Woodmen of the World. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on beneficiary certificate. Before MAX-WELL, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $967.47. A remittitur of $100 was filed by the plaintiff and judgment entered in the sum of $867.47. Defendant appealed.

328, (1921).] Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Fred W. Lidstone,* for appellant.—The by-laws of a beneficial society are binding upon all its members and all are conclusively presumed to know them. They are in the nature of a contract to which all have assented: Beeman v. Supreme Lodge, 215 Pa. 627; Rhule v. Diamond Colliery Assn., 13 Pa. Superior Ct. 416; Hamill v. Supreme Council Royal Arcanum, 152 Pa. 537; Mitchell v. Lycoming Mutual Ins. Co., 51 Pa. 411; Duffy v. Alta Friendly Society, 17 Pa. Superior Ct. 532.

The officers of the defendant society could not waive any of the provisions of the by-laws relative to the hazardous employment of the injured: Hood v. Prudential Insurance Co., 26 Pa. Superior Ct. 527; Murphy v. Prudential Insurance Co., 30 Pa. Superior Ct. 560; Lantz v. Insurance Co., 139 Pa. 546.

*David J. Reedy,* and with him *Paul Dzwonchyk,* for appellee, cited: Suravitz v. Prudential Insurance Company, 244 Pa. 582; Carozza v. National Life Insurance Company, 62 Pa. Superior Ct. 153; Feinberg v. New York Life Insurance Company, 256 Pa. 61; Suravitz v. Prudential Life Insurance Company, 261 Pa. 390; Fidelity Title & Trust Company v. Metropolitan Life Insurance Company, 64 Pa. Superior Ct. 361; Smith v. Farmers' & Mechanics' Mutual Fire Insurance Company, 89 Pa. 287; Eilenberger v. Protective Mutual Fire Insurance Company, 89 Pa. 464; Dowling v. Merchants' Insurance Company, 168 Pa. 234.

OPINION BY KELLER, J., April 18, 1921:

Defendant, an incorporated fraternal beneficial association, on June 30, 1915, issued its beneficiary certificate to Harry Soroka, agreeing to pay his wife, the plaintiff, out of its beneficial fund, in case of his death while in good standing as a member of the association,

an amount varying from $500 to $1,000, depending on the number of years he had been a member at the time of his death. He died January 18, 1917, at which date under the certificate his wife became entitled to $750. Payment having been refused she brought suit. The only defense to the action was that in his application for membership Soroka had represented his occupation to be "Labor outside" and had paid dues of only $1.45 per month, whereas he was in fact a miner and should have paid the rate for a hazardous occupation, $1.75, per month. The plaintiff proved by two witnesses that her husband could not read or write English; that the blanks in the application had been filled in by the clerk of the camp, in the presence of the commander or presiding officer; that Soroka when asked what he was working at, said "I am working in the mines; you know that, and so does Mike (the commander)." The application when completed was not read to the applicant but was forwarded to the Sovereign Camp and no copy of it was attached to the beneficiary certificate nor was his occupation stated therein. The deceased regularly paid the dues called for by the certificate. The learned trial judge instructed the jury that to entitle the plaintiff to recover they must find by evidence that was clear and satisfactory that Soroka truthfully stated to the clerk that he was a miner engaged in working in the mines and that by some inadvertence or error on the part of the clerk the application had been filled out by him as it was, without fault on Soroka's part; that they must find that Soroka could not read or write the English language and had acted in the utmost good faith and without any purpose to take advantage of the defendant company; and if they found for the plaintiff they must deduct from the amount of the certificate the extra payments which Soroka would have made as a miner. The defendant assigns for error the admission of the above evidence, the trial judge's instructions to the jury and his failure to give binding instructions for

the defendant or enter judgment in its favor non obstante veredicto.

The contract between the parties was made up of the application for membership, including the medical examination, the beneficiary certificate and the charter, constitution and by-laws of the association. The application is specifically stated to consist of two pages, to both of which Soroka affixed his mark. It sets forth certain occupations which are hazardous and certain others which are prohibited; a miner, or worker in the mines, was not mentioned in the application as being in either the hazardous or prohibited classes. Nor were the dues to be paid for either a hazardous or nonhazardous occupation stated therein. The instructions to the clerk and examining physician printed on the back of the application form no part of it, so as to affect the applicant, for it distinctly limits its effect as respects the applicant to the two pages signed by him and the examining physician's report, which is contained in the third page, and there was no evidence that the instructions endorsed on the application were read or made known to the applicant.

The constitution (sec. 43) includes "those employed in mines not otherwise prohibited," among those whose certificates shall not exceed $2,000, and provides "and their rate of assessment shall be thirty cents for each one thousand dollars of their beneficiary certificate in addition to the regular rate while so engaged in such hazardous occupations" thus impliedly classing these occupations as hazardous, but the monthly amount to be paid by such members is not definitely stated in figures. The same section also provides: "(b) If a member engages in any of the occupations or business mentioned in this section he shall within thirty days notify the clerk of his camp of such change of occupation and while so engaged in such occupation shall pay on each assessment thirty cents for each one thousand dollars of his beneficiary certificate in addition to the regular rate. Any

such member failing to notify the clerk and to make such payments as above provided shall stand suspended and his beneficiary certificate be null and void."

It will be noted that working in the mines was not a prohibited occupation and consequently those decisions which hold that an error on the part of an agent of an insurance company or association in filling out a blank or entering an answer of the applicant will not bind the company or association so as to effect insurance upon one who by reason of his age or occupation is absolutely prohibited from being insured at all, do not apply.

Further, the clerk of the camp was not merely the agent of the defendant association rather than of the applicant: Columbia Ins. Co. v. Cooper, 50 Pa. 331, p. 340; Eilenberger v. Protective Mutual Fire Ins. Co., 89 Pa. 464; but he was the very person selected and pointed out by the constitution as the authority to whom notice of change of occupation to one considered hazardous must be given. No one's consent or permission to make the change was required and no higher agent or authority than the clerk of the local camp had to be notified of such change. He was therefore peculiarly the agent or representative of the defendant association in this respect: Knights of Pythias v. Withers, 177 U. S. 260; and his error in the circumstances should not be visited on an illiterate applicant for membership, without knowledge of the laws and regulations of the order to which he is seeking admission, who has truthfully stated the facts to the defendant's agent, unless the decisions require it.

It has long been the law of this State that evidence is admissible to prove that an applicant for insurance made truthful answers to the questions contained in the application and that the agent of the company erroneously reduced them to writing: Smith v. Farmers' and Mechanics' Mutual Fire Ins. Co., 89 Pa. 287; Susquehanna Mutual Fire Ins. Co. v. Cusick, 109 Pa. 157; Mullen v. Union Central Life Ins. Co., 182 Pa. 150; Suravitz v.

Prudential Ins. Co., 244 Pa. 582; Feinberg v. N. Y. Life Ins. Co., 256 Pa. 61; and this applies to answers which are warranties no less than to mere representations: Kister v. Lebanon Mutual Fire Ins. Co., 128 Pa. 553; Dowling v. Merchants' Ins. Co., 168 Pa. 234; Fidelity T. & T. Co. v. Metropolitan Life Ins. Co., 64 Pa. Superior Ct. 361; and especially so where, as here, the applicant is illiterate, cannot read or write, and must rely on the good faith and accuracy of the agent: Carrozza v. National Life Ins. Co., 62 Pa. Superior Ct. 153; but the evidence to be submitted to the jury must be clear and satisfactory: Suravitz v. Prudential Ins. Co., 261 Pa. 390.

There are essential differences between insurance companies and fraternal beneficial associations, but there is no reason why the rule just referred to should not apply to the latter as well as the former; and we find this to be the case in other jurisdictions. Thus it has generally been held that it may be shown that the applicant for admission to a beneficial association truthfully answered the questions put to him by the medical examiner and that the latter failed to enter the answers as given, even though the applicant warranted the truth of such answers: Royal Neighbors v. Boman, 52 N. E. 264 (Ill.); Shotliff v. Modern Woodmen, 73 S. W. 326 (Mo.); Thomas v. Modern Brotherhood, 127 N. W. 572 (S. D.); and the same rule applies to answers written on the application by the clerk, secretary or other officer of the beneficial association: Modern Woodmen v. Lawson, 65 S. E. 509 (Va.); Masonic Life Assn. v. Robinson, 147 S. W. 882 (Ky.); Order of Columbus v. Fuqua, 60 S. W. 1020 (Texas); the reason being that the medical examiner, clerk or officer of the association is necessarily the agent of the association and not of the applicant and his error must be chargeable to his principal, and his knowledge, in the circumstances, held to be the knowledge of the association: Foresters v. Schweitzer, 49 N. E. 506 (Ill.); Modern Woodmen v. Coleman, 94 N. W.

814 (Neb.); Pringle v. Modern Woodmen, 107 N. W. 756 (Neb.); Knights of Pythias v. Bridges, 39 S. W. 333 (Texas); Sovereign Camp, Woodmen of the World v. Carrington, 90 S. W. 921 (Texas); Rasicot v. Royal Neighbors, 108 Pac. 1048 (Idaho). The association is estopped from taking advantage of its own agent's mistakes: Keystone Mutual Ben. Assn. v. Jones, 20 Atl. 195 (Md.); McArthur v. Home Life Assn., 35 N. W. 430 (Iowa); Wright v. N. W. Mutual Life Ins. Co., 15 S. W. 242 (Ky.).

We have carefully considered all the authorities cited by the appellant and none of them sustain its position in this appeal. In Sovereign Camp, Woodmen of the World v. Hall, 148 S. W. 526 (Ark.), the applicant falsely stated that he was a farmer, whereas he was actually a saloonkeeper, a prohibited occupation. It was held that the fact that the medical examiner knew of his occupation did not bind the association, since he had not stated his occupation as a part of his medical examination; but the court there said that as to such matters as were embraced in the medical examination, the knowledge of the medical examiner was the knowledge of the association and would estop it to take advantage of any false answers in such examination.

In Simmons v. Woodmen of the World, 188 S. W. 941 (Tenn.), the insured changed his occupation from farmer to the hazardous occupation of locomotive engineer without notice to the local lodge officers.

In Brittenham v. Woodmen of the World, 167 S. W. 587 (Mo.), the court recognized that even in a fraternal beneficial association forfeitures are not favored and that the contract must be construed strictly against the insurer, but held there could be no recovery because the applicant after he became a member engaged in a prohibited occupation, of which fact he gave no notice to the proper official.

In none of the decisions on the appellant's brief were the facts in accord with the present case.

It is true the insured paid only the rate required of those engaged in nonhazardous business, but that again was the fault of the defendant's agent. Soroka paid what he was told by its agent was the correct rate and was not in default. The officer charged with the duty of notifying the members of assessments is the agent of the Supreme Lodge: Knights of Pythias v. Davis, 58 Pac. 595 (Colo.) ; and under the instructions of the court allowance was made the defendant for the correct rate in the verdict.

Being a beneficial association, the defendant was not bound to attach a copy of the application to its certificate: Dickinson v. Grand Lodge, 159 Pa. 258 ; but it not having been attached the member could not be charged with notice of the error made by the defendant's agent.

We are of opinion that the court below did not err in receiving the evidence complained of, that the charge fairly presented the questions of law involved, and that the case was properly for the jury.

The assignments of error are overruled and the judgment is affirmed.