## CONTINENTAL AMERICAN LIFE INS. CO. OF WILMINGTON, DEL., v. FRITSCHE et al.

### No. 1257.

District Court, E. D. Pennsylvania.

Feb. 26, 1941.

J. S. Conwell and Joseph S. Conwell, Jr., both of Philadelphia, Pa., for plaintiffs.

Alfred L. Wolf and Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

This case is before the Court at this time on the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Such a motion is proper under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The plaintiff is a Delaware corporation, and the defendants are citizens of Pennsylvania. The complaint requests rescission and cancellation of three insurance contracts on the life of John Fritsche, Jr., and relief from any liability under an application for further insurance, which was refused. The averred basis for relief is alleged misrepresentation by the insured in his application.

The specified grounds for the defendants' motion to dismiss are: (1) The complaint fails to set forth any respect in which the answers of the insured defendant in the application for insurance were incorrect or materially incomplete; (2) the complaint shows on its face that the answers made by the insured defendant to the question in the application for insurance were and are true and in no respect false, misleading, or materially incomplete.

It is alleged that the three policies were issued in reliance upon the truth of the answers and representations made by John Fritsche, Jr., as contained in his application

dated October 25, 1939. A copy of the application was attached to and made a part of each insurance contract. Helen B. Fritsche, wife of John Fritsche, Jr., was beneficiary, and John Wayne Fritsche was contingent beneficiary.

The answers of defendant John Fritsche, Jr., are alleged to be incomplete and untrue, and to have been so material to the risk concerned · that, had they been truthfully and completely answered, the plaintiff would not have issued the policies.

Proceeding to a consideration of the allegations specifying the questions and answers averred to have misled the plaintiff by reason of their alleged untrue and incomplete nature, it becomes apparent that the complaint does set forth in what respect the application was materially untrue and incomplete. No copy of the application is attached to the complaint, but the pertinent questions and answers are set forth therein, and are as follows:

"E–2. Have you consulted a physician for, or suffered from any ailment or disease of,

"(c) The stomach or intestines, liver, kidneys or bladder?

"(Answer) Yes. Abdominal pain in 1936. Complete G. I. studies failed to reveal any abnormalties. No recurrence.

"5. Give name and address of last physician you consulted, date, duration and diagnosis of the illness.

"(Answer) Yes. Dr. Taubel.

"6. What physician or physicians, if any, not named above, have you consulted or been examined or treated by within the past five years? Name and address (If none, say none), Date, Reason for Consultation, Examination or Treatment.

"(Answer) Dr. L. E. Tabuel, Ardmore, Pa. 1939. Grippe Treatment.

"Dr. Kauders (H. R. 648 E. Chelten Ave., Phila. See E. 2. c."

The answer to question E–2(c), to the effect that a complete G. I.—presumably gastro-intestinal—examination had been made in 1936, which revealed no abnormalties is not specifically objected to as untrue. However, the insured's answer to that question concluded with the statement: "No recurrence." In paragraph six of the complaint it is alleged that thereafter, at dates in 1937, the insured consulted a different physician for stomach disorders. This allegation directly questions the truth of the answer "No recurrence", and states a claim, if proved, upon which relief can be granted.

The complaint alleges that the plaintiff believed all answers to be full, complete and true, and that it relied and acted upon them. The insured's answer to question five was very patently incomplete. This answer was vague, indefinite and incomplete on its face. It failed to disclose the date, duration and diagnosis of the illness. But I think the plaintiff cannot complain of this answer since, when an answer is unresponsive or manifestly incomplete, the insurer, in acting thereon, precludes itself from later objecting. Armenia Ins. Co. v. Paul, 91 Pa. 520, 36 Am.Rep. 676; Lebanon Mut. Ins. Co. v. Kepler, 106 Pa. 28; Meyers v. Lebanon Mut. Ins. Co., 156 Pa. 420, 27 A. 39; Horne v. John Hancock M. L. I. Co., 53 Pa.Super. 330.

In answer to question six, the insured stated that he had visited but two physicians in the preceding five years and gave the dates and other information asked. The plaintiff attacks this as an incomplete, and therefore untrue, answer, and specifies several other doctors who were visited. The dates of these other visits are given in the complaint, except of visits to a Dr. John A. Colohan, an osteopath. All but Dr. Colohan were visited at dates more than five years previous to the date of application and so were not pertinent under question six, as it requested only the names of physicians consulted within the five years · preceding the date of application. The insured is alleged to have visited Dr. Colohan "on numerous occasions prior to the date of the said application * * *", although no particular date is alleged.

I cannot now say that, if the insured did visit an osteopath within five years of the application, the visit concerned anything material to the risk assumed by the insurer on the strength of the application. However, the insurer has, by its allegation concerning the osteopath, properly placed itself in a position to prove the allegation and its materiality. The defendants have cited a case from another jurisdiction to the effect that an osteopath does not come within the word "physician" as used in the application. Le Grand v. Security Ben. Ass'n, 210 Mo.App. 700, 240 S. W. 852. Admitting that there exist statutory and dictionary distinctions between "physician" and "osteopath", I am per-

suaded that the term "physician" was used in a sense inclusive of osteopaths.

It appears that, contrary to the position taken by the defendants in their motion to dismiss, the complaint does set forth respects in which the insured's answers were incorrect, materially incomplete, and misleading. The motion must be denied.

So ordered.