## Ketcham *v.* Odd Fellows Hall Association of Reading, Appellant.

*Arbitration—Action upon award of arbitrators—Failure of arbitrators to inspect material—Affidavit of defense.*

In an action upon an award of arbitrators under a building contract, an affidavit of defense is insufficient, which without charging fraud or collusion, merely avers that the arbitrators failed to inspect certain materials furnished by plaintiff, although requested to do so, and that such failure on their part was a violation of the custom and usage of the trade in arbitrations of the character in question.

Argued Nov. 10, 1914. Appeal, No. 157, Oct. T., 1914, by defendant, from order of C. P. Berks Co., Jan. T., 1914, No. 93, making absolute rule for judgment for want of a sufficient affidavit of defense in case of O. W. Ketcham v. Odd Fellows Hall Association of Reading.   Before RICE, P. J., ORLADY, HEAD and KEPHART, JJ.   Affirmed.

Assumpsit upon an award of arbitrators.

Rule for judgment for want of a sufficient affidavit of defense.

ENDLICH, P. J., filed the following opinion:

This is an action based upon an award of arbitrators appointed by the parties in accordance with the provisions of a contract subsisting between them, which makes the decision of the arbitrators final. The defense alleged is defective performance of his undertakings by the plaintiff resulting in loss to defendant, and invalidity of the arbitrators' awards to plaintiff because of their failure to inform themselves of the character of certain materials furnished by plaintiff and alleged to be defective, by an inspection thereof; it being averred that this is an universally customary method for arbitrators to pursue in controversies such as this, and that they were requested to pursue and afforded an opportunity of pursuing it in this instance.

It is said in Hart v. Kennedy, 47 N. J. Eq. 51, 20 Atl. 29, that arbitrations are to be conducted upon the ordinary principles upon which other judicial inquiries are conducted, and that a refusal of the arbitrators to hear pertinent and material evidence is such gross misbehavior as will invalidate their award; and in Hewitt v. Lehigh & Hudson R. Ry. Co., 57 N. J. Eq. 511, 42 Atl. Repr. 325, a failure of arbitrators to go upon and inspect certain premises, whilst held not to affect the validity of the award, was so regarded because they had not been specially requested to make the inspection. Giving all the weight to these utterances they are entitled to, and conceding, of course, all that is laid down concerning the effect of custom and usage in Helme v. Ins. Co., 61 Pa. 107, 109; Carter v. Coal Co., 77 Pa. 286, 290; First National Bank v. Fiske, 133 Pa. 241, 244; Guillon v. Earnshaw, 169 Pa. 463, 469, the defense is in substance an allegation of mistake or, at the utmost, the omission of a customary duty perhaps amounting to misbehavior on the part of the arbitrators; and the question arises, to what extent, if at all, can the defendant avail itself of these grounds to avoid the award? The general binding force of an award under a voluntary

submission is sufficiently clear from such cases as Gowen
v. Pierson, 166 Pa. 258; Thomas v. Heger, 174 Pa. 345.
That mistakes neither of fact nor of law can be set up
against it, but that it is assailable on the ground of
corruption or misbehavior on the part of the arbitrators,
is decided in Speer v. Bidwell, 44 Pa. 23 (and see Pitts-
burg C. Co. v. R. R. Co., 227 Pa. 90, 100; Klingen-
smith v. Westleechburg  S. & T. P. Co., 17 Pa. Superior
Ct. 210).   There is, however, to be read in connection
with those just referred to, and others of like import,
a line of decisions holding that an award upon a sub-
mission such as this cannot be impeached for misconduct
of the arbitrators, though amounting to fraud, unless
the party benefited by their wrongful action was in
collusion with them or in some way implicated in that
action: Hostetter v. Pittsburg, 107 Pa. 419; Hartupee
v. Pittsburg, 131 Pa. 535; Bowman v. Stewart, 165 Pa.
394; Ruch v. York, 233 Pa. 36.   Of such a thing there
is no averment in this affidavit.   It would seem to fol-
low that the defense averred—and upon very familiar
principles we are bound to assume it to have been stated
as strongly as truthfully it can be—must be regarded
as legally incomplete, and the court is powerless to re-
lieve the defendant from the binding obligation of the
award; and therefore—the rule to show cause is made
absolute.

*Error assigned* was the order of the court.

*Harvey F. Heinly,* for appellant, cited: Hart v. Ken-
nedy, 47 N. J. Eq. 51; Hewitt v. Lehigh Valley R. R.
Co., 57 N. J. Eq. 511; First Nat. Bank v. Fiske, 133
Pa. 241; Carter v. Philadelphia Coal Co., 77 Pa. 286;
Halstead v. Seaman, 82 N. Y. 27; Drhew v. Altoona, 121
Pa. 401; Koch v. Kuhns, 6 Pa. Superior Ct. 186.

*C. H. Ruhl,* for appellee, cited: Hewitt v. R. R. Co.,
57 N. J. Eq. 511; McCune v. Lytle, 197 Pa. 404; White's

App., 108 Pa. 473; Shisler v. Keavy, 75 Pa. 79; Reynolds v. Caldwell, 51 Pa. 298; Hartupee v. Pittsburg, 131 Pa. 535; Ruch v. York, 233 Pa. 36.

OPINION BY RICE, P. J., February 24, 1915:

We are of opinion that the court correctly apprehended the nature and substance of the defense set up in the affidavit and correctly held it to be legally insufficient to prevent judgment. It is to be noticed the arbitrators set forth in their award that they heard the testimony, and there is no averment in the affidavit that they did not hear all the testimony the parties saw fit to present, or that it was impossible for them to arrive at a correct judgment from it. The defendant's complaint is, that, although its attorney at the hearing offered in evidence the terra-cotta blocks in controversy, stated the place where they were stored, and requested the arbitrators to go there and inspect them; and although it is a universal and absolute custom among architects, builders, and contractors, in controversies such as this, and arbitration thereon (so alleged in the affidavit), that the arbitrators as experts make a personal and actual examination, inspection and test of the subject-matter in controversy, yet the arbitrators in this case neglected to do this and therein were guilty of misconduct. It is pertinently suggested by appellee's counsel that if the case had been tried in court the defendant might have been obliged to produce his exhibits at the trial, if he desired to have them inspected, and should have done so at the trial before the arbitrators. Granting, however, that, in addition to hearing and considering the testimony the parties produced, the arbitrators ought, in obedience to the alleged custom, to have gone to the place where the terra-cotta blocks were stored and inspected them, and that their failure to do this was misconduct on their part, yet it cannot be urged, under the averments of the affidavit of defense, that it was misconduct that involved moral

turpitude.  At any rate, under the Pennsylvania deci-
sions, it was not such misconduct as vitiated the award,
unless (which is not alleged in the affidavit) the plaintiff
was in collusion with them or in some way implicated in
that action.  This conclusion is so convincingly sus-
tained by the opinion of Judge ENDLICH as to render
further discussion by us superfluous.

The judgment is affirmed.