## Witmer v. Royal Insurance Co., Ltd.

*Insurance—Fire insurance—Adjustment—Waiver of provision of policy.*

An insurance company may waive a condition in a policy by parol, although it contains a stipulation that there shall be no waiver of any condition except upon an express agreement endorsed on the policy.

In an action upon a fire insurance policy which contained a provision that "no person unless duly authorized in writing shall be deemed the agent of this company," an award of arbitrators chosen under a written agreement made in accordance with provisions in the policy by the insured with a representative of an adjustment company claiming to represent the insurance company but without written authority, is admissible in evidence where a letter from the insurance company to its local agent admitted in evidence stated that the adjustment of the plaintiff's claim had been referred to the said adjustment company.

In such case it is error to refuse to admit offers to show that the representative of the adjustment company was authorized to adjust the loss and the manner in which losses were adjusted by the adjustment company and its relations with the insurance company.

Argued Nov. 15, 1916.    Appeal, No. 260, Oct. T., 1916, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1913, No. 41, on verdict for plaintiff in case of Henry S. Witmer v. Royal Insurance Company, Limited,

12, (1917).]  Statement of Facts—Charge of Court below.

of Liverpool.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Assumpsit on a policy of fire insurance.  Before LANDIS, P. J.

From the record it appeared that the suit was brought to recover a loss on a fire insurance policy.  The defendant claimed that there had been a written adjustment of the loss under an agreement referred to as an appraisal agreement made with the General Adjustment Bureau. The policy in suit contained a provision that "no person unless duly authorized in writing shall be deemed the agent of this company."

When George V. Steeb was on the stand the following offer was made:

"Mr. Nauman: We offer to prove, by this witness, that the General Adjustment Bureau is a New York corporation, of which the Royal Insurance Company is a stockholder; that the province of the General Adjustment Bureau is to act for their stockholders and adjust losses; and that they have authority to do everything for their stockholders, in connection with the adjustment of losses, including the signing and entering into of appraisal agreements.  This to be followed by proof, from letters, that the matter of this loss was referred to the General Adjustment Bureau, to adjust.

"Mr. Keller: Objected to as irrelevant, immaterial and not the best evidence.

"The Court: That is disallowed.  It is not the best evidence.  Exception noted for the defendant.  (3)

"Mr. Nauman: If the court please, we now offer the appraisal agreement.

"Objected to by the plaintiff.  Disallowed.  Exception noted for the defendant."  (4)

The court charged in part as follows:

[This, probably, was the truth; but you will determine the controversy for yourselves, if necessary.  I do not think that this is important at this time, as to who

suggested the appraisement, because the paper itself has been excluded by the court as evidence, for the reason that I think there was no adequate proof produced that Mr. Owrey, who signed for the company, had, under the law, any authority to make an agreement on its behalf, and the company was, therefore, not bound by the agreement, and, as there had to be mutuality in a contract between them, if it was not bound, Mr. Witmer was in like manner not bound. That is the reason why the paper, as a paper, was excluded, and, of course, you will not consider it in arriving at your conclusion.] (5)

[There was no evidence that the general adjustment bureau or any other person had direct authority, either verbal or written, from the Royal Insurance Company to adjust this loss.] (6)

[Can it be said that if the appraisement had been for the full amount of the policy, the plaintiff, under the present state of the record and in the face of the policy could have insisted on its binding effect? If he could not have done so, it follows that the defendant, for the same reason, has no right to hold him to this agreement, for mutuality of contract must have existed between the parties. Nor can it be pretended that the company ever ratified the contract. There is no evidence that it had any knowledge that Owrey was acting as its agent or adjuster, or that it knew of the award before the suit was brought.] (7)

[In this case, the character of the examination by the arbitrators of the injured property was such as to make it extremely doubtful whether the award could be sustained as a matter of law. Of course, the testimony differed upon this point; but, if the plaintiff was believed, it would seem that the examination was inadequate and the conduct of the arbitrators arbitrary. All the facts surrounding the arbitration were admitted in evidence and submitted to the jury on the question of the extent of the loss incurred. It is plain that, unless the arbitration could be considered as a bar to the plaintiff's recovery, its rejection as evidence did no harm.] (8)

Verdict and judgment for plaintiff for $369.83.  Defendant appealed.

*Errors assigned,* among others, were, (3, 4) ruling on evidence quoting the bill of exceptions; (5, 8) above instructions quoting them.

*John A. Nauman,* with him *Henry, Pepper, Bodine & Pepper,* for appellant.—The award was binding on Witmer, and it should have been admitted as a very material part of the defendant's case: Todd v. Quaker City Mut. Fire Ins. Co., 9 Pa. Superior Ct. 371.

The company could waive the condition in the policy: Bush v. Hartford Fire Ins. Co., 222 Pa. 419; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; McFarland v. Kittanning Ins. Co., 134 Pa. 590; Earley v. The Mut. Fire Ins. Co. of Hummelstown, 178 Pa. 631; Wagner v. Dwelling House Ins. Co., 143 Pa. 338.

If an insurance company could not insist upon a clause requiring proofs of loss within a certain time after it had made an adjustment, it certainly could not require the insured to examine into its agent's authority when it sends him to adjust a loss: Flannery Bros. v. State Mut. Fire Ins. Co., 175 Pa. 387; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Himes v. Herr, 3 Pa. Superior Ct. 124; Fee v. Adams Express Co., 38 Pa. Superior Ct. 83; Lawall v. Groman, 180 Pa. 532; McGonigle v. Susquehanna Mut. F. Ins. Co. of Harrisburg, 168 Pa. 1.

*William H. Keller,* with him *Charles E. Workman* and *John A. Coyle,* for appellee.—There was no proof whatever in the case that Owrey was the agent of the defendant company or had authority to bind it by the appraisal agreement: McCrea v. Patrons Mut. F. Ins. Co., 46 Pa. Superior Ct. 618.

There was no waiver of the conditions of the policy by

the insurance company, nor any estoppel against its enforcing them.

The appraisal agreement was not binding for want of mutuality: O'Toole v. Escher, 47 Pa. Superior Ct. 272; Fishman v. Berger, 62 Pa. Superior Ct. 86; Keiser v. Berks County, 253 Pa. 167.

OPINION BY PORTER, J., October 8, 1917:

The policy of insurance upon which this action is founded contained the following clause. "In the event of disagreement as to the amount of loss the same shall, as provided above, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss." After the fire the plaintiff promptly notified the defendant company of the loss and a short time thereafter one L. C. Owrey appeared upon the scene, representing himself to be an adjuster for the defendant company and being unable to agree with the plaintiff as to the amount of the loss a written agreement was entered into, under the provisions of the covenant above recited, naming the appraisers selected by the parties, respectively, and empowering them to select an umpire, and providing that they should determine separately the sound value of the property and the damage thereto caused by the fire, in accordance with the terms of the covenant. This agreement was signed by the plaintiff and by Owrey, as adjuster for the defendant company. The appraisers agreed upon the umpire and after an examination of the property made an award in writing finding the amount of the sound value of the property and the damage resulting from the fire, which award was signed by both of the apprais-

ers and the umpire. The plaintiff was dissatisfied with the award and brought this action to recover an amount in excess thereof. He recovered a judgment in the court below, from which the defendant appeals.

The court below refused to admit in evidence the award of the appraisers above referred to, upon the ground that there was no sufficient evidence of the authority of Owrey to bind the defendant company by the appraisal agreement, and held that, the company not being bound, the plaintiff was not concluded by the award. The policy contained this covenant: "In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company." This covenant seems to have had great weight with the court not only in the ruling above mentioned, but in other rulings upon evidence which will hereinafter be referred to. That an insurance company may waive a condition in a policy by parol, although it contains a stipulation that there shall be no waiver of any condition except upon an express agreement endorsed·on the policy, must now be accepted as the law of Pennsylvania: Todd v. Quaker City Mutual Fire Insurance Co., 9 Pa. Superior Ct. 371; Flannery Bros. v. State Mut. F. Insurance Co., 175 Pa. 387; Fritz v. British America Assurance Co., 208 Pa. 268; Bush v. Hartford Fire Insurance Co., 222 Pa. 419. Owrey was called as a witness and testified that he was an adjuster in charge of the Harrisburg office of the General Adjustment Bureau, a New York corporation; that he received instructions from the manager of the business of that company, in the eastern Pennsylvania department, to investigate and adjust the loss in question; that he took the matter up with the agent of the defendant company at Lancaster and, having ascertained the location of the property, met the plaintiff and proceeded to adjust the loss, entering into the agreement for an appraisal, as hereinbefore stated. A letter from the assistant manager of the defendant company to the

agent of that company at the City of Lancaster, bearing date prior to the execution of the appraisal agreement, was offered and received in evidence, which letter referred to the Witmer loss and distinctly stated that "the investigation and adjustment of the claim has been referred to the General Adjustment Bureau." This being a letter received in due course of correspondence upon the subject of this loss and this policy, and followed up by a visit from a representative of the General Adjustment Bureau, named in the letter as the corporation to which the adjustment of the loss had been referred, it was certainly proper to show that Owrey was the representative of the General Adjustment Bureau and was by that company authorized to act in the matter: Roe v. Dwelling House Insurance Co., 149 Pa. 94. The learned judge of the court below, upon objection by the plaintiff, declined to permit the witness Owrey to testify as to the manner in which losses of this character were adjusted. The question clearly indicated that its purpose was to disclose the relations between the General Adjustment Bureau and the insurance companies for which it acted, in the adjustment of losses. This ruling was erroneous. The evidence had a direct bearing on the relation in which Owrey stood toward the defendant company when he signed the appraisal agreement. In a dispute of this character testimony as to the circumstances in which the parties acted is always admissible. The second specification of error is sustained.

The defendant offered to prove, by a witness on the stand, that the General Adjustment Bureau is a New York corporation, of which the defendant company is a stockholder; that the province of the General Adjustment Bureau is to act for their stockholders and adjust losses; and that they have authority to do everything for their stockholders in connection with the adjustment of losses, including the signing and entering into of appraisal agreements; this to be followed by proof, from letters, that the matter of this loss was referred to the

General Adjustment Bureau, to adjust. The court sustained an objection to this offer. We cannot assume that the evidence which it was proposed to produce under this offer was mere hearsay. The arrangement, that the General Adjustment Bureau should adjust all claims for losses made against the defendant company may have been founded in an oral agreement, at the making of which the witness was present. The single letter which was subsequently admitted in evidence clearly indicated that the adjustment of this particular loss had been referred to the Adjustment Bureau. The third specification of error is sustained.

The letter of the defendant company to its agent at Lancaster would, in case the award of the appraisers had been more favorable to the plaintiff and he had been seeking to sustain that award, have been sufficient evidence to warrant a finding that the defendant company had authorized the General Adjustment Bureau to adjust the claim. The refusal of the court below to permit Owrey to testify as to the manner in which the General Adjustment Bureau carried on its business excluded all evidence as to whether Owrey was by that company authorized to adjust this loss. That condition of the evidence naturally led the court below to the conclusion that the award of the appraisers was not admissible. As the case must go back for retrial, that broken link in the chain of evidence will no doubt be supplied. The assignments of error which refer to the opinion of the court in refusing a new trial, in view of what we have hereinbefore said, it is not now necessary to discuss. It is, however, proper to say that we find nothing in the evidence which, in case the award had been admitted, would have warranted the court in holding, as matter of law, that it must be held to be invalid because of any mistake or misconduct upon the part of the appraisers: Liverpool, Etc., Insurance Co. v. Goehring, 99 Pa. 13; Hostetter v. City of Pittsburgh, 107 Pa. 419; Commercial Union Assur-

ance Co. v. Hocking, 115 Pa. 407; Ketcham v. O. F. H.
Association of Reading, 59 Pa. Superior Ct. 213.

The judgment is reversed and a new venire awarded.