# Hoffman et al., Appellants, *v.* Mutual Fire Insurance Co. of Reading.

*Insurance—Fire insurance—Statement of claim—Defense—Answer—Practice, C. P.—Evidence—Rebuttal offered in chief—Act of May 14, 1915, P. L. 483.*

1. Where a statement of claim in an action on a fire policy sets forth a complete cause of action with a fire loss averred, the defendant must, if it has a defense to any part of the policy through any term, condition, warranty or representation therein, aver such defense by affidavit, and introduce proof in relation thereto.

2. Under the Act of May 14, 1915, P. L. 483, it is only where defendant presents a set-off or counterclaim, that an answer is required.

3. If, in an action on a fire policy containing a clause as to sole ownership, the statement avers violation of the covenants of the policy by defendant, and due performance by plaintiff, and the affidavit of defense avers that the premises were on leased ground, and that plaintiffs knew this, the plaintiffs are not required to file an answer, but at the trial may produce evidence that the general agent issued the policy with full knowledge that the premises were on leased ground.

4. In such case it was not necessary, under the Act of 1915, to anticipate the defense by averring, by way of confession and avoidance, the facts of defendant's estoppel, in the statement of claim.

5. The rule applied to pleading in equitable cases, by confession and avoidance, is different from that applied to civil actions regulated by Act of Assembly. In the former, facts in explanation and avoidance of statements contained in a writing must be set out in the bill.

6. The fact that evidence in estoppel is offered in chief at the trial, is not material, and especially is this so where no objection as to the evidence was made, when it was offered.

7. It is not ordinarily ground for reversal that rebuttal evidence is offered in chief.

*Insurance—Fire insurance—Sole ownership—Warranty—Agent writing facts into policy—Estoppel—Waivers.*

8. Where a policy of insurance is procured through the agency of one representing the insurance company, and he, either through fraud or mistake, writes a fact as warranted in the policy or application different from that stated by the insured, notwithstanding the general rule as to warranty, the truth may be shown.

9. An insurance company may waive a condition introduced into a policy for its own benefit.

10. Waivers need not be express; they may be inferred from acts which recognize a liability or a condition existing contrary to the statement made in the policy, which to the company appears not of sufficient importance to deter it from issuing the policy.

*Practice, C. P.—Trial—Evidence—Laying foundation—Witness refreshing his memory—Discretion of trial judge—General objection to evidence—Request to strike out—Record—Appeal.*

11. It is usually within the discretion of the trial judge to determine whether a sufficient foundation has been laid to permit a witness to testify on a particular subject.

12. A general objection to a question put to a witness as to whether or not he had enlightened himself on a certain point, will not raise the question on appeal whether the witness had refreshed his memory from notes of testimony of a previous trial.

13. If this is brought out on cross-examination, there should be a request to strike out the testimony, with exception to the ruling, to bring it on the record for review.

14. The appellate court cannot consider such a question, if the record fails to show that a proper foundation had been laid for it.

Argued March 20, 1922. Appeal, No. 268, Jan. T., 1922, by plaintiffs, from judgment of C. P. Susquehanna Co., April T., 1916, No. 140, for defendant n. o. v., in case of Charles H. Hoffman and Paul S. Ross, partners doing business under the firm name of Hoffman & Ross, v. Mutual Fire Ins. Co. of Reading, Pa. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on fire insurance policy. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,638.60. Judgment for defendant n. o. v. Plaintiffs appealed.

*Error assigned* was judgment for defendant n. o. v., quoting record.

*A. A. Vosburg,* with him *John M. Kelly,* for appellant. —Evidence of waiver was competent and proper under plaintiffs' allegation "that they have performed all things on their part to be performed": Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; Second Nat. Bank v. Gardner, 171 Pa. 267; Hendley v. Bittinger, 249 Pa. 193.

The burden of proof is on defendant in matters of the kind: Ben Franklin F. Ins. Co. v. Flynn, 98 Pa. 627; Kearney v. Ins. Co., 67 Pa. Superior Ct. 179; Lycoming Co. Mut. F. Ins. Co. v. Schollenberger, 44 Pa. 259.

The evidence was competent and material under defendant's averment "that plaintiffs had knowledge that the said premises were situate on leased ground and nevertheless concealed that fact from defendant": Zerger v. Sailer, 6 Binney 24.

It was competent for the company to waive this provision of their policy: State Ins. Co. v. Todd, 83 Pa. 272; Crawford C. Mut. Ins. Co. v. Cochran, 88 Pa. 230; Home Ins. Co. v. Davis, 98 Pa. 280; Eckert v. P. R. R. Co., 211 Pa. 267, 272; Edelman v. Moser, 60 Pa. Superior Ct. 637.

Plaintiff contends that the company having issued the policy after having had notice, through Judd to Titsworth, that plaintiff did not own the land, the policy itself was the written waiver, and that the company by issuing the policy with knowledge of facts which should have rendered it void, had by its own conduct waived the condition of the policy and were thereby estopped from setting it up on the trial: Peoples Ins. Co. v. Spencer, 53 Pa. 353; Damms v. Fire Ins. Co., 226 Pa. 360; Porter v. Ins. Co. of North America, 29 Pa. Superior Ct. 75; Caldwell v. Fire Assn., 177 Pa. 492; Central, etc., Co. v. Ins. Co., 245 Pa. 272.

*Horace Michener Schell,* with him *John Arthur Keppelman* and *H. A. Denney,* for appellee.—Plaintiffs overlook the fact that the estoppel they now seek to raise is a condition precedent to the undertaking of defendant, and not a condition precedent to the right of action, and the cases, therefore, on the point that it is not necessary to aver in a statement of claim that defendant waived the requirements as to proofs of loss have no application to the case at bar: Inland Ins. & Dep. Co. v. Stauffer, 33 Pa. 397; Rinker v. Ins. Co., 214 Pa. 608; Knight v. Ins. Co., 14 Phila. 187; Robb v. Ins. Co., 230 Pa. 44.

Knowledge by the underwriters of the breach of a warranty, at the time it is made, does not relieve the assured from the consequences of the breach, or convert the engagement into a different warranty: State Mut. F. Ins. Co. v. Arthur, 30 Pa. 315; Com. Mut. F. Ins. Co. v. Huntzinger, 98 Pa. 41; Home Mut. L. Assn. of Penna. v. Gillespie, 110 Pa. 84; Seitz v. Ins. Co., 37 Pa. Superior Ct. 261.

No foundation was laid by plaintiff to permit Judd to refresh his recollection from the notes of the prior trial, and all his evidence, after he had so refreshed his recollection, was inadmissible: Velott v. Lewis, 102 Pa. 326; Reed v. Orton, 105 Pa. 294.

OPINION BY MR. JUSTICE KEPHART, May 8, 1922:

Appellants sued to recover for loss under a policy insuring a building on land leased from the D., L. & W. R. R. Co. Judgment n. o. v. was entered for defendant, hence this appeal. The insurance contract contained the usual statements,—it should be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple; no officer, agent or representative shall have power to waive any provision or condition of the policy. Plaintiffs aver in their statement "they performed all things on their part to be performed under the policy, but defendant has broken the covenants on its part to be performed." The affidavit of defense denies this by setting up that the premises "were situated upon leased ground, and plaintiffs had knowledge the premises were situated on leased ground, but nevertheless concealed that fact from defendant, all in violation of the terms and conditions of the policy of insurance."

Evidence was introduced under objection showing the general agent of the company knew the building was on leased ground before the policy was issued, this fact having been communicated to him by appellants; if so appellee was thereby estopped from setting up the provision as to fee title. Judgment was entered for defendant because plaintiffs had not specifically pleaded estoppel, the evidence being a variance between the allegata and probata.

Plaintiffs' statement set forth a complete cause of action, grounded on a contract of insurance performed by them, with a fire loss thereunder. If the company had

a defense to any part of the policy through any term, condition, warranty or representation therein, it was necessary to aver such defense by affidavit, and introduce proof in relation thereto: Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288, 291; and see Dietrich v. Davies, 274 Pa. 213.

Defendant challenged the correctness of plaintiffs' representation as to the location of the insured property in the language above quoted, and, when this was followed by evidence showing the nature of the ownership of the land, the question arose, Could plaintiffs, under the Act of 1915, have replied by introducing evidence of an estoppel without replying to the averment of fact in the affidavit, or specially pleading it in the statement? It is admitted that, prior to the Act of 1915, this fact would have been at issue under the general issue plea. The Act of 1915 specifically states what the pleadings shall consist of, and when cases shall be deemed at issue. This case was at issue on filing the affidavit, and defendant evidently concluded the disputed fact was thus put in issue, with a right in plaintiffs to introduce evidence in relation to estoppel. Only where defendant sets up a set-off or counterclaim is an answer required, under section 15 of the Act of 1915. In no other case does the act provide for an answer, and, as this defense clearly is not a set-off or counterclaim, no further pleadings were required, and plaintiff was at liberty to introduce this evidence. It was not necessary, under the act, to anticipate the defense by averring, by way of confession and avoidance, the facts of estoppel in the statement of claim. How is plaintiff to know defendant will wrongfully undertake to secure undue advantage of the nonexistence of a fact required by the policy to exist, of which it had full knowledge, but its existence deemed unnecessary before the policy issued? Plaintiffs stood in a position of having substantially complied with the requirements of the policy, and awaited the insurance company's answer to their suit. The effect of this an-

swer was to place the disputed fact in issue as squarely as if it had been raised by confession and avoidance in plaintiffs' statement of claim. Sections 6, 14 and 15 of the act must be read together, and, when so read, it becomes apparent there is nothing in the act to alter this important feature of pleading; evidently defendant recognized this, for, in its affidavit of defense, as above quoted, it avowed that the fact that the building was on leased ground was "nevertheless concealed [by]......plaintiffs," an issuable question which plaintiffs had clearly the right to rebut on the trial, just as they did. The evidence of estoppel was germane to the allegation in the affidavit, going a step further, showing knowledge in defendant, at the time the policy was issued, of the thing to which it now seeks to take advantage. The company issued the policy without any fraud or misrepresentation on part of plaintiffs. Rinker v. Ætna Life Ins. Co., 214 Pa. 608, is distinguishable from the case before us, so far as the pleadings are concerned; this authority generally runs counter to the law before and since. See its explanation in Suravitz v. Prudential Ins. Co., 244 Pa. 582, 587, and Carrozza v. National Life Ins. Co., 62 Pa. Superior Ct. 153, 159. The rule applied to pleading in equitable cases, by confession and avoidance, is different from that applied to civil actions regulated by act of assembly. In the former, facts in explanation and avoidance of statements contained in a writing must be set out in the bill: Doughty v. Cooney, 266 Pa. 337, 338.

Plaintiff was entitled to offer evidence of estoppel. That the evidence, or some of it, was offered in chief is not material. No objection was made to the order in which it was offered, and it is not ordinarily ground for reversal that rebuttal evidence is offered in chief. The court below was in error in directing judgment because there was a variance in the allegata and probata.

It is contended by appellee the representation as to fee premises was a warranty, and, even admitting knowledge by the underwriters of its breach at the time insur-

ance issued, this circumstance would not relieve the insured from the consequences of the breach; the policyholder's engagement being absolute, under it the facts must be as stated when his rights attach: State Mutual Fire Ins. Co. v. Arthur, 30 Pa. 315, 331; Com. Mut. Fire Ins. Co. v. Huntzinger, 98 Pa. 41, 48; Home Mut. Life Assn. v. Gillespie, 110 Pa. 84, 88; Beddall v. Citizens Insurance Co., 28 Pa. Superior Ct. 600, 603 et seq. There are exceptions to this general rule. Where a policy of insurance is procured through the agency of one representing the insurance company, and he, either through fraud or mistake, writes a fact as warranted in the policy or application different from that stated by the insured, notwithstanding the rule as to warranty, the truth may be shown: See Eilenberger v. Protective Mut. Fire Ins. Co., 89 Pa. 464, 468; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157, 164; Kister v. Lebanon Mut. Ins. Co., 128 Pa. 553, 565; Dowling v. Merchants' Ins. Co., 168 Pa. 234, 237; Meyers v. Lebanon Mut. Ins. Co., 156 Pa. 420, 425; Carrozza v. Nat. Life Ins. Co., 62 Pa. Superior Ct. 153, 158. See also Suravitz v. Prudential Ins. Co., supra, where warranties were discussed, although the question then before the court was a representation.

But the language in the case at bar does not amount to a warranty or a term of the policy; it is at best a representation. It is linked with other statements which are not binding agreements as to their truth,—by their nature they could not be. They may or may not be the basis of issuing the policy, usually not,—and by their nature they could not be warranties, relating, as they do, to future acts. At best they are but representations that the facts are true, or that certain acts will be performed in the future; if untrue, or if the acts are unperformed, this untruth or failure amounts to a misrepresentation: Lycoming Ins. Co. v. Mitchell & Boyle, 48 Pa. 367, 372; W. & A. Pipe Lines v. Home Ins. Co., 145 Pa. 346, 359.

It is not contended the company cannot waive performance of formal conditions introduced in a policy for their benefit, and such waiver will in effect strike the provision from the contract. See Scheid v. Storch, 271 Pa. 496, 500. Waivers need not be express; they may be inferred from acts which recognize a liability or a condition existing contrary to a statement made in the policy which, to them, appears not of sufficient importance to deter them from issuing the policy. The company does not consider such requirement as a hazard in view of many circumstances. A building is no more liable to burn if situated on leased than fee land. The character of the owners may cause the location to be a greater hazard, but, when approved persons apply, the risk is no greater than fee ownership, and is so regarded by accepting the premiums, with knowledge of the truth. The reason for the estoppel may be readily seen.

As bearing on the question before us, Damms v. Humboldt Fire Ins. Co., 226 Pa. 358, 361, following Caldwell v. Fire Assn., 177 Pa. 492, 502, laid down the rule, where the company knows that one of the conditions of the policy is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up the breach of the condition. The agent may, if authorized by a course of business, waive such conditions in the policy, binding the company thereby, notwithstanding the policy says he may not do so. These cases were followed by Clymer Opera Co. v. Flood C. M. F. I. Co., 238 Pa. 137, where it is stated the question is not whether the company had waived a particular covenant of the policy, but whether, under the facts established by the evidence, it was estopped to assert that covenant. See also Central M. S. Co. v. N. B. & M. Ins. Co., 245 Pa. 272, 279.

We have carefully read the evidence; there is ample to sustain notice to the general agent that the building was on leased ground, and the jury could further find its

actual purchase from the railroad company took place when plaintiffs took possession.

We are not called upon at this time to pass upon the objection to one of plaintiffs' witnesses refreshing his memory from the notes of testimony of the previous trial. Usually, whether a sufficient foundation has been laid for such course is within the sound discretion of the trial judge. But, in the present case, when the notes of testimony were offered to the witness, defendant's counsel promptly objected to this method of testifying, and his objection was sustained by the court below. The witness was then withdrawn, defendant, however, protesting the former should not read the notes of testimony to refresh his memory when off the stand. Whether he did so or not did not then appear. On resuming, he was asked whether he had further enlightened himself as to what transpired between him and the general agent. The objection to this was general, and, of course, the evidence was clearly admissible as the record then stood. Had defendant interrogated the witness as to how he became enlightened, before answering plaintiffs' counsel, defendant might have raised the question. Instead, however, it waited until the witness was turned over for cross-examination, and then brought out the fact that the enlightenment came from reading the notes of the previous trial. There was no request to strike out the testimony of the witness; nor was any further attention called to it; the question as to whether a proper foundation had been laid is not before us.

The judgment of the court below is reversed and it is directed that judgment be entered for plaintiff on the verdict.