Logar *v.* Main, Beaver & Black Creek Mutual Fire and Lightning Insurance Company, Appellant.

Argued March 5, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William A. Valentine,* with him *Albert W. Brobst,* for appellant.

*Richard L. Bigelow,* with him *Carl E. Kirschner,* for appellee.

OPINION BY STADTFELD, J., May 3, 1935:

Defendant company issued a policy of insurance for the period of five years from April 26, 1928, insuring plaintiff against loss or damage by fire in the amount of $2,000 on his dwelling house and $500 on his furniture. On December 28, 1930, both the dwelling and its contents were completely destroyed. Upon notice being given defendant, it paid the insurance on the household goods but denied liability on the dwelling under the clauses of its policy which provided: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; ...... This policy is made and accepted subject to the foregoing stipulations and conditions."

"No officer, agent or representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto."

It was conceded upon the trial that plaintiff had additional insurance which was not endorsed upon the policy. Plaintiff contended that Mr. Zehner, director of the company and agent who solicited the insurance, had been advised at the time that plaintiff had three policies of $1,000 each on the premises. Zehner denied having such knowledge.

The by-laws of the company which were endorsed on the policy, provided in section seven (7) that all policies before being issued must be passed upon by the Board of Directors. It appears that the Board of Directors at a meeting held, at which Mr. Zehner was present, authorized the policy, which forms the basis of this suit, to be issued to the plaintiff. The plaintiff paid up all premiums due on the policy and all assessments that were levied against him as a member of the company and at no time was in default in any way. It also appears that the defendant company levied assessments against its members to pay the loss occasioned by the fire which destroyed the plaintiff's property and retained the assessments thus paid.

It appears when the Board of Directors met, at which meeting action was had on the application of the plaintiff for insurance, before issuing the policy to the plaintiff, Zehner presented an application purporting to come from the plaintiff, for insurance. The application however was not signed by the plaintiff but nevertheless was acted upon by the directors. All of the

business transactions concerning the soliciting of the policy and the procurement of it and payment of premiums, etc., on it were transacted between the plaintiff and Zehner, a director and also agent of the company.

The court refused binding instructions in favor of defendant and submitted the case to the jury with instructions to determine whether plaintiff made known to the defendant through its agent, that he carried additional insurance. If he did not, then to return a verdict for the defendant; if he did, then they might return a verdict for plaintiff.

The jury returned a verdict in favor of the plaintiff in the sum of $2,000 plus interest of $360. Defendant moved for judgment non obstante veredicto, which was refused in an opinion filed by JONES, J., and judgment was entered on the verdict. Thereupon appellant took this appeal.

The verdict of the jury determines in favor of plaintiff the fact that he informed Zehner, director and agent of the company, at the time of the solicitation of the insurance, that there was other insurance on the property to be covered. Appellant, however, contends that even though the director and agent had verbal notice of the existence of additional insurance, he could not waive the requirements that that fact be in writing.

The insurance policy which forms the basis of this case was issued by the company with the knowledge and consent and at the instance of the Board of Directors, and John J. Zehner was present as a director at the meeting when the Board of Directors directed that the policy issue and voted for the issuance of the policy. Zehner had been employed by the company as a soliciting agent for nine years, and the knowledge he acquired of the fact that there was other insurance on the building when this policy was applied for and

issued, was acquired by him in the performance of his duty of soliciting insurance for the company.

Under the by-laws of the company which are set forth on the back of the policy, and made part of the same, it was provided that all agents of the company were to be approved by the Board of Directors and also that all policies issued must be approved by the Board of Directors.

Section twenty of the by-laws provided as follows: "The Secretary or any Director may take surveys and applications for insurance, and shall receive the same fees as is allowed agents, Provided, such Directors give the same security as is required of agents."

As stated in the opinion of the lower court, "Zehner was constituted an agent under the by-laws, and it was his duty as such to communicate to the Board of Directors, through the application, direct knowledge of the situation. Notice to an agent, when it is the duty of the agent to act upon such notice, or to communicate it to his principal, in the proper discharge of his duty as agent, is notice to the principal, and applies to agents of corporations, as well as to others: Stewart v. General Accident Insurance Co., 39 Pa. Superior Ct. 396, 401." Quoting from the opinion of Judge ORLADY in the case cited, p. 402: "Where the company has knowledge of a violation of a condition in the policy and yet continues to treat the policy as in force, it cannot be permitted to set up such breaches to defeat the contract. Such a course tends to lull the party to sleep, by the assurance that the condition of the policy has been complied with. In such a case it is an estoppel which is the true ground upon which a doctrine of waiver rests. If the policy was in force for the purpose of collecting assessments on it, and was so treated by the defendant company, it was certainly in force for the purpose of paying the loss for

which the company agreed to be liable under its very terms."

The company, through the application prepared by Zehner, was notified that there was no additional insurance on the building, whereas the jury found as a fact that Zehner knew there was other insurance on the building. If the agent falsely informed the company, the plaintiff should not be prejudiced or be expected to suffer a loss because of the careless, negligent conduct of the agent director of the company who solicited the insurance, and also filled in the application which was not signed by the plaintiff.

In Evans v. Metropolitan Life Ins. Co., 294 Pa. 406, 144 A. 294, plaintiff was carrying an accident policy in the Fidelity and Casualty Company, not mentioned in the application for policy in defendant company. The applications were written by the local agent of defendant and the evidence for plaintiff was that he informed the agent of the policy in the Fidelity and Casualty Company. It was held, in an opinion by Mr. Justice WALLING: "Knowledge of an agent, gained in the transaction of the business in question, is knowledge of the principal, ...... The statement of Wood on Insurance (2nd Ed.), pp. 1162, 1163, that: 'Where other insurance is required to be endorsed on the policy, if notice thereof is given to the insurer or its agent and consent is not endorsed nor the policy canceled, further compliance is treated as waived and the insurer is estopped from setting up such other insurance to defeat its liability upon the policy.' ...... The insured ought not to be prejudiced by the mistake of the insurance agent. ...... In Witmer v. Royal Ins. Co., Ltd., 68 Pa. Superior Ct. 12, Judge PORTER, speaking for the court, says, (p. 17): 'That an insurance company may waive a condition in a policy by parol, although it contains a stipulation that there shall be no waiver of any conditions except upon express

agreement endorsed on the policy, must now be accepted as the law of Pennsylvania.' The general rule against the modification of written instruments by oral evidence does not control such case."

In Hoffman v. Mutual Fire Ins. Co., 274 Pa. 292, 117 A. 917, the Supreme Court, speaking through Mr. Justice KEPHART, says, on p. 299: "Where a policy of insurance is procured through the agency of one representing the insurance company, and he, either through fraud or mistake, writes a fact as warranted in the policy or application different from that stated by the insured, notwithstanding the rule as to warranty, the truth may be shown: See Eilenberger v. Protective Mut. Fire Ins. Co., 89 Pa. 464, 468; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157, 164; Kister v. Lebanon Mut. Ins. Co., 128 Pa. 553, 565; Dowling v. Merchants' Ins. Co., 168 Pa. 234, 237; Meyers v. Lebanon Mut. Ins. Co., 156 Pa. 420, 425; Carrozza v. Nat. Life Ins. Co., 62 Pa. Superior Ct. 153, 158." Quoting the language of former President Judge TREXLER, in Litto v. Public Fire Insurance Co., 109 Pa. Superior Ct. 195, 199, 167 A. 603, "No company has a right to select and send out agents to solicit patronage and business for its benefit, and then saddle their blunders upon its customers. Columbia Insurance Co. v. Cooper, 50 Pa. 331. See also Burson v. Fire Assoc. of Philadelphia, 136 Pa. 267, 20 A. 401; Welsh v. London Assurance Corp., 151 Pa. 607 and cases cited on page 617, 25 A. 142."

Assuming that the knowledge of the director agent, gained in the solicitation of the insurance, was visited upon the defendant company, under the circumstances the company is estopped from setting up the alleged violation of the condition in the policy. In Wilson v. Ins. Co., 174 Pa. 554, 34 A. 122, it was held that where the by-laws of a mutual fire insurance company forbid

additional insurance unless the same is approved by the company, if the company with notice of additional insurance continues to make and collect assessments on a policy, it is estopped from defending in a suit on the policy on the ground that the assured violated the by-laws. To same effect see Kalmutz v. Ins. Co., 186 Pa. 571, 40 A. 816.

In Fletcher on Corporations, Permanent Edition, Vol. 3, p. 68, we find it stated: "Furthermore, it is settled that notice to or knowledge possessed by an individual director is notice to the corporation when it relates to a matter as to which he is acting as its authorized agent."

Likewise in 26 C. J. 296: "If an officer or agent of the insurer, during the course of his employment prior to or contemporaneously with the completion of the contract, acquires any information affecting the risk or becomes cognizant of any breach of a condition precedent or of false or conflicting statements by the insured, his knowledge is imputable to the insurer. This is true even though he does not in fact communicate his knowledge to the insurer or gives it erroneous information. The rule is applicable not only where the agent is a general one but also where he is one possessing limited powers only, such as a soliciting agent. In a few jurisdictions, however, it is a rule that the company is not affected by a notice given prior or at the time of the making of the contract to an agent who is without general power to make contracts of insurance and whose authority is limited to receiving and transmitting applications for insurance and, if the risk is accepted by the company, to delivering the policy upon the payment of the premium by insured. It is a question for the jury whether the officer or agent had knowledge of the facts or not."

The cases cited on behalf of appellant are readily distinguishable from the instant case. Nothing more

24

can profitably be added to the comprehensive opinion of the lower court, where many of the cases are reviewed.

The assignments of error are overruled and judgment affirmed.