Opinion by
 

 Stadteeld, J.,
 

 This is an appeal by defendant, from a judgment on a verdict in favor of Mary Spern, plaintiff, in an action of assumpsit on a fire insurance policy issued to her by the Globe and Republic Insurance Go., appellant, on a brick building situate on the west side of Highway St., Yukon, Pa.
 

 The title to the property was in Sam Spern and Mary Spern, husband and wife, by entireties. The policy contains the following clause: “This entire policy shall be void, unless otherwise provided by agreement in writing added thereto, (a) if the interest of the insured be other than unconditional and sole ownership ......” There was no agreement in writing either added to the policy or otherwise executed modifying this clause of the contract.
 

 The plaintiff’s amended statement of claim, para. 8, contains the following averment: “The said policy of insurance was taken out in the name of Mary Spern, the plaintiff above named, with the knowledge and consent of the agent of the defendant corporation that the said property was owned by Mary Spern and her husband, Samuel Spern as an estate by entirety.”
 

 This averment is denied in defendant’s affidavit of defense in which defendant denied a right of recovery by reason, inter alia, of the provision in the policy quoted above.
 

 Upon the trial of that case, Sam Spern, husband of plaintiff, testified that he had gone to the office of Mr. Mitchell, the agent for the company, and told him that he desired to take out a policy of fire insurance on this property and that he disclosed to the agent that the
 
 *597
 
 title to the same was in him and his wife; that he received the policy of insurance and placed it in a box in the bank; that he was unable to read and did not knotv that the policy had not been written in the name of both himself and his wife.
 

 J. L. Mitchell, the agent for the defendant, contradicted the testimony of Sam Spern and testified that Spern came to his office with one Julia Slavensky; that the latter introduced Spern as a man desiring to obtain a fire insurance policy on a building that he owned; that when Mitchell started to write the policy, Julia Slavensky stated “his wife owned this property”; that Mitchell then asked Spern whose name it was in and Spern said “Mary Spern”; that he then proceeded to write the policy in the name of Mary Spern and delivered it to the husband. Julia Slavensky was not called as a witness by either party. A request, ex parte defendant, for binding instructions was refused.
 

 The court below submitted to the jury the question of fact arising out of the testimony and instructed the jury that if it found that Sam Spern had disclosed to the agent, Mitchell, that the title to this property was in himself and wife, the company would now be estopped from setting up this ownership clause in the policy as a defense. The trial resulted in a verdict for plaintiff in the sum of $891.43. Motion for judgment non obstante veredicto was overruled in an opinion by Chambees, P. J., 53d Judicial District, specially presiding.
 

 The only assignments of error which are pressed by appellant are the refusal of binding instructions, and the overruling of the motion for judgment non obstante veredicto.
 

 Appellant contends that the evidence on the question produced by plaintiff is not sufficient in law to warrant a finding that the defendant knew, or was affected with knowledge, that the title to the building insured by de
 
 *598
 
 fendant was held by plaintiff and her husband as tenants by entireties; that the present case presents an instance of modification by parol or reformation by parol evidence, of a written contract and requires therefore, a high degree of evidence which must be from more than one interested witness, and clear and precise in character. In support of its position, appellant cites the case of
 
 Livingstone v. Boston Insurance Co.,
 
 255 Pa. 1, 99 A. 212, and quotes from the opinion by Mr. Justice Walling on p. 5, wherein he states: “While in our opinion the parol evidence was) not sufficient to modify the terms of the policy it was sufficient to sustain a finding that plaintiff was the sole beneficial owner of the property insured; in which respect this case differs from those cited for defendant.
 

 “True, the terms of the policy cannot be reformed by the oath of the insured contradicted by that of the agent;......”
 

 We do not consider the expression referred to as controlling in the instant case. In the case of
 
 Evans v. Metropolitan Life Ins. Co.,
 
 294 Pa. 406, 144 A. 294, the same Justice states on pp. 409, 410, 411: “Knowledge of an agent, gained in the transaction of the business in question, is knowledge of the principal: (citing cases).......The statement of Wood on Insurance (2d ed.), pp. 1162, 1163, that: Where other insurance is required to be endorsed on the policy, if notice thereof is given to the insurer or its agent and consent is not endorsed nor the policy canceled, further compliance is treated as waived and the insurer is estopped from setting up such other insurance to defeat its liability upon the policy, and the same is true, whether the same agent issues both policies; although consent is not endorsed upon either policy, yet, being issued with knowledge of the facts, the insurer is treated as having waived compliance and is estopped from setting up nonendorsement in defense,’ is quoted with approval
 
 *599
 
 in
 
 Kalmutz v. Ins. Co.,
 
 186 Pa. 571, 576; also in
 
 Brumbaugh v. Fire Ins. Co.,
 
 20 Pa. Superior Ct. 144, 148 ...... In
 
 Witmer v. Royal Ins. Co., Ltd.,
 
 68 Pa. Superior Ct. 12, Judge Porter, speaking for the court, says (p. 17): ‘That an insurance company may waive a condition in a policy by parol, although it contains a stipulation that there shall be no waiver of any conditions except upon express agreement endorsed on the policy, must now be accepted as the law of Pennsylvania.’
 
 The general rule against the modification of written instruments by oral evidence does not control such case.”
 
 (Italics supplied).
 

 In
 
 Hoffman v. Mutual Fire Insurance Co. of Reading,
 
 274 Pa. 292, 117 A. 917, the Supreme Court, through Mr. Justice Kephart, now Chief Justice, said at p. 299; “Where a policy of insurance is procured through the agency of one representing the insurance company, and he, either through fraud or mistake, writes a fact as warranted in the policy or application different from that stated by the insured, notwithstanding the general rule as to warranty, the truth may be shown.” And on p. 296: “Evidence was introduced under objection showing the general agent of the company knew the building was on leased ground before the policy was issued, this fact having been communicated to him by appellants; if so appellee was thereby estopped from setting up the provision as to fee title.”
 

 The verdict in the instant case determines in favor of plaintiff the fact that her husband informed Mr. Mitchell, agent of the company, at the time of the writing of the policy, that the title to the property was in the names of himself and his wife.
 

 Quoting the language of former President Judge Trexler, in
 
 Litto v. Public Fire Ins. Co.,
 
 109 Pa. Superior Ct. 195, 199, 167 A. 603, “......No company has a right to select and send out agents to solicit patronage and business for its benefit, and then saddle
 
 *600
 
 their blunders upon its customers.......‘In most of the states, courts of law will apply the doctrine of waiver and estoppel and allow proof of mistake so as to enable the plaintiff to maintain his action for indemnity and not drive him to a court of equity.’
 
 State v. Schreck,
 
 43 N. W. 340, 6 L. R. A. 524. The contract is not void from uncertainty nor is there any need of applying for a reformation of the contract provided it appears either from the face of the instrument or extrinsic facts which is the true and which is the false description.
 
 Am. Central Ins. Co. v. McLanathan,
 
 11 Kan. 533. See also May on Insurance Vol. 2, Sec. 566, Couch Cyc. of Insurance, Vol. 3, Sec. 747 A. 23 et seq. And this especially the case in jurisdictions where equity is administered by courts of law, and has been recognized in a number of eases in this state many of which are cited in Cooley’s Brief on Insurance 2d Ed. Vol. 2, 1470 B.......”
 

 See also
 
 Logar v. Insurance Co.,
 
 118 Pa. Superior Ct. 16, 178 A. 532, where pertinent cases are reviewed at some length.
 

 The court below, following the decisions both in our court as well as in the Supreme Court, disposed of the case on the question of estoppel and not on the reformation of a contract.
 

 We have read with a great deal of interest the very learned brief of counsel for appellant. What he asks us to do is to overrule well-recognized cases of the Supreme Court decisive of the question involved. This is beyond our authority.
 

 We find no reversible error in the disposition of the case by the court below.
 

 The assignments of error are overruled and judgment affirmed.