Kobierowski *v.* Commonwealth Mutual Insurance
Company, Appellant.

Argued September 29, 1955.   Before RHODES, P. J.,
HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUN-
THER, J., absent).

*J. Webster Jones,* for appellant.

*Donald M. Bowman,* for appellee.

OPINION BY WOODSIDE, J., January 17, 1956:

This is an appeal from the judgment of the Municipal Court of Philadelphia for the plaintiff in the sum of $625 entered upon a verdict after the refusal of the court to grant judgment n.o.v. for the defendant. The action was brought in assumpsit and is based upon a policy of collision insurance.

The case was before us before. 175 Pa. Superior Ct. 387, 105 A. 2d 179.

The undisputed facts are that on December 19, 1951 the defendant insurance company issued a policy of insurance to the plaintiff for comprehensive coverage with an added provision for collision insurance; the policy was endorsed to show that successive automobiles of the plaintiff were covered by the policy. When the plaintiff purchased a Chevrolet Sedan on April 8, 1952 he telephoned a girl employed in the office of the defendant's agent asking that a new endorsement be issued transferring his insurance coverages to the new automobile. Thereafter, the plaintiff's Chevrolet Sedan was almost completely demolished in a collision. Plaintiff notified the defendant insurance

company and made demand for payment. The defendant refused to make payment claiming it had not been notified of an encumbrance which had been placed on the automobile.

The plaintiff testified that he called the insurance agency which had issued the policy and said: ". . . I just purchased a 1950 Chevrolet two-door sedan . . . Willard Chevrolet is financing it . . ."

It is the appellant's contention that because the insured said, "Willard Chevrolet is *financing* it" rather than, "Willard Chevrolet has an encumbrance upon it," the appellant had no notice or knowledge of an encumbrance by Willard and therefore since the policy required disclosure of an *encumbrance* the insured could not recover.

Technically there is a distinction between "financing" property, and placing an "encumbrance" upon it. However, we are satisfied that no agent or insurance company could be misled into thinking an automobile did not have an encumbrance upon it if they were advised by an insured that the car was being "financed" by a third party.

People in all walks of life purchase insurance. Their right to recover on the policies they purchase should not depend upon their complete understanding and precise use of technical terms when giving information to the insurance agent. Especially is this true when it is obvious that the insured did not attempt to deceive the insurer, and when no reasonable person would be likely to mistake the intended meaning of the information supplied by the insured. At the very least, the insurer, upon being informed that the vehicle was financed, was put on notice of the likelihood of an encumbrance, and he should have inquired whether the one "financing" did place an encumbrance upon the vehicle.

In the complaint it is alleged that *"the plaintiff purchased* a certain 1950 Chevrolet automobile." No denial of this specific point was made in the answer. In his direct examination the plaintiff said, *"I* purchased a 1950 Chevrolet." On cross-examination he testified as follows: "Q. When you purchased the second Chevrolet, the Chevrolet was titled in your name, was it not? A. Yes sir. Q. Did you tell the young lady that you talked to about the title to the third car, the 1950 Chevrolet? A. The title to the third car? Q. Yes. A. No sir. Q. You did not then tell the young lady the third car was titled in the name of Helen D. Kobierowski and William C. Kobierowski? A. No, I did not."

The appellant contends that this testimony established the fact that the car was in the name of plaintiff and his wife and therefore he cannot recover. We shall pass the question of whether plaintiff could recover *if* the evidence did show the car was in the name of plaintiff and wife, and *if* this had been properly pleaded in the answer.

There is no evidence that the car was in the name of plaintiff and wife. On direct examination plaintiff testified *he* purchased the car. On cross-examination he was not asked whether he and his wife purchased the car or whether title was placed in both names. He was asked only if he *told* the lady at the insurance agency that the car was in both names. It could be that he did not tell her because it was not true.

Furthermore, in order to raise this defense, defendant should have pleaded it in its answer. *Filler Products, Inc. v. Corriere,* 381 Pa. 394, 399, 113 A. 2d 219 (1955); Pa. C.R.P. 1032; *Hoffman et al. v. Mutual Fire Insurance Co.,* 274 Pa. 292, 117 A. 917 (1922).

The policy upon which suit is brought provides:

"No notice to any agent or knowledge possessed by any agent or any other person shall be held to effect

a waiver or change in any part of this Policy nor estop the Company from asserting any right under the terms of this Policy; nor shall the terms of this Policy be waived or changed, except by endorsement issued to form a part hereof."

The appellant contends that because of the above provision the plaintiff should not have been allowed to show that he informed the agent of the "financing" of the automobile. This is upon the theory that it must appear on the face of the policy that the property is encumbered, and if it does not, even if the fault is that of the insurance company or its agent, the insured cannot show notice to the company of the encumbrance.

In the instant case the insurance agent after obtaining the information from the insured concerning the trade of automobiles and the person "financing" the latest purchase, sent the endorsement to the Pennsylvania Truck Sales which had an interest in the original car insured but had no interest in the last one obtained by the insured. As a result of the agent's error, the insured did not have the endorsement showing change of automobiles, and could not discover any error concerning the encumbrance. This was the error of the agent of the insurance company and it should not be allowed to profit by what, in law, is its own error. *Litto v. Public Fire Insurance Co.,* 109 Pa. Superior Ct. 195, 199, 167 A. 603 (1933); *Spern v. Globe & Republic Ins. Co.,* 131 Pa. Superior Ct. 595, 599, 200 A. 196 (1938).

Judgment affirmed.